BARRETT, RESPONDENT, *v.* SHANNON, COUNTY TREASURER, APPELLANT.

[Submitted April 12, 1897. Decided April 26, 1897.]

*Tax Assessment— Correction— Action to Recover Money Paid thereunder— Pleading.*

ERRONEOUS ASSESSMENT—*Correction.*—Under section 3782, Political Code, no reduction in assessments of property can be made unless the party assessed makes and files with the Board of Equalization a written application therefor, verified, and showing the facts upon which the claim for reduction is based.

ACTION TO RECOVER TAXES PAID—*Pleading.*— In an action brought to recover money paid for taxes claimed to be unlawfully assessed, the complaint must show that plaintiff filed the written application above referred to.

*Appeal from District Court, Beaverhead County. Frank Showers, Judge.*

ACTION by Martin Barrett against J. G. Shannon, treasurer of Beaverhead county, to recover taxes paid. Judgment for plaintiff, and defendant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

The defendant is the treasurer and collector of taxes in Beaverhead county. The complaint alleges that on the 30th

day of November, 1895, the defendant (appellant here), as such treasurer and collector of taxes, demanded of plaintiff the sum of $1,553.80, which the defendant claimed was then due from the plaintiff (respondent in this court) for taxes for the year 1895, levied upon the property of plaintiff for that year. It further alleges that said sum was not due from plaintiff for taxes for that year, but that only the sum of $1,091.15 was due from the plaintiff for taxes for said year on his property, and that, notwithstanding said last-named sum was all that was due for such taxes for said year, the plaintiff was compelled to pay, and did pay, the sum of $462.65 additional to the defendant, as such officer, as taxes for the above-named year, and which said sum plaintiff alleges was paid by him to the defendant under protest, the plaintiff deeming the collection of the same by the said defendant illegal and wrongful. The complaint, in substance, further alleges that on the first Monday in the month of March, 1895, the plaintiff was the owner of, and liable for taxation upon, 1 500 head of cattle, of the value of $15 per head, but that, between the said first Monday of March and the second Monday of July of said year, plaintiff returned to the county assessor of the county of Beaverhead, among other real and personal property, a statement of the said 1,500 head of cattle so owned by him at the said time, as he was required by law so to do; that said county assessor refused to take plaintiff's return and statement as to the number of cattle owned by him, and which was subject to taxation, but did list and assess the plaintiff for 3,000 head of cattle, at $15 per head, thereby listing and assessing the said plaintiff for 1,500 head of cattle more than he owned, and for which he was liable to be taxed at said time. The plaintiff then alleges that thereafter he appeared before the board of county commissioners, sitting as a board of equalization, and protested against the said assessment of said 1,500 head of cattle, of the value of $15 per head, in excess of the number of cattle actually owned by him, and subject to taxation; but that said board of equalization refused to allow the said protest, or to strike the said 1,500 head of cattle in

excess of the number owned by him from the assessment roll, but allowed the assessment as made by the assessor to stand, and levied a tax upon the same, which tax was levied upon the 1,500 head of cattle in excess of the number of cattle owned by plaintiff, and which amounted to the sum of $462.65, and which said sum was subsequently demanded of plaintiff by the defendant, and paid, as aforesaid, under protest. The plaintiff then says that, at the time he paid said sum, he gave notice to the defendant that he would bring suit to recover the sum of $462.65; that this action was brought under section 4024, Political Code of Montana, for the purpose of collecting said sum, charged with being illegally demanded of and paid by plaintiff to the defendant under protest.

Defendant demurred to the complaint on the grounds: First. "That the court has no jurisdiction of the subject of the action." Second. "That the complaint does not state facts sufficient to constitute a cause of action." Third. "That said complaint is ambiguous and uncertain in this: It cannot be understood how or in what manner plaintiff's claim of protest was made. It cannot be determined what particular act or acts of plaintiff constituted or is relied on for a protest."

The demurrer was overruled, and defendant, electing to stand upon his demurrer, refused to further plead or answer, whereupon judgment was rendered for plaintiff, in accordance with the prayer in his complaint. From the judgment, this appeal is prosecuted.

*C. B. Nolan, E. J. Conger, Smith & Word,* and *W. S. Barbour,* for Appellant.

PEMBERTON, C. J.—Section 3782, Political Code, is as follows: "No reduction must be made in the valuation of property unless the party affected thereby, or his agent, makes and files with the board (board of equalization) a written application therefor, verified by his oath, showing the facts upon which it is claimed such reduction should be made." This section requires, as a condition precedent to the reduction of the valuation of property, that the party affected thereby, or

claiming a reduction, or his agent, shall file a written application therefor with the board of equalization, verified by his oath, showing the facts upon which such reduction is claimed. Before the plaintiff could be entitled to relief in any action, his complaint should show a compliance with this essential condition precedent. In any action, before he would be entitled to relief, the plaintiff would surely be required to prove that he had made this application in writing, under oath, as required by said section of the Code. If it be essential to prove it, it must follow as a natural consequence that it is necessary for plaintiff to allege it in his complaint. There is no such allegation in the complaint, and on account of this omission the complaint is bad, and the general demurrer thereto should have been sustained.

The jurisdiction of the court is attacked by the demurrer. It is not necessary to pass upon this question. But the question arises as to whether the complaint does not show such an illegal assessment as brings this case under exception No. 1 of section 4023, instead of giving plaintiff a right of action under sections 4024 and 4025 of the Political Code. And, if so, is the case not governed and determinable by *Hopkins* v. *City of Butte*, 16 Mont. 103, 40 Pac. 171 ?

There is a question raised as to the constitutionality of the law sought to be invoked by plaintiff in this case. If it were necessary to treat this question, we would hesitate to do so in the imperfect manner in which it is presented. The appellant discusses the question but gingerly in his brief. The respondent does not argue it at all, by brief or otherwise. We do not feel called upon to go into the treatment of such grave and important questions, even when compelled to do so, without the aid of thorough argument by counsel.

On account of the error of the district court in overruling the demurrer to the complaint, the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer.

*Reversed.*

HUNT and BUCK, JJ., concur.