BELKNAP REALTY CO., RESPONDENT, *v.* SIMINEO ET AL., APPELLANTS.

(No. 5,188.)

(Submitted May 4, 1923. Decided May 21, 1923.)

[215 Pac. 659.]

*Taxation—Recovery of Taxes Paid Under Protest—Complaint —Insufficiency.*

Recovery of Taxes Paid Under Protest—Complaint—When Insufficient.
  1. Failure of the complaint, in an action to recover a tax paid under protest, to allege that plaintiff before bringing suit had filed written application to the county board of equalization for reduction of the taxes claimed to be excessive, and that upon its refusal to act he had appealed to the state board of equalization, renders the pleading insufficient.

Same—Statutory Remedies Conclusive, When.
  2. In the absence of fraud or the adoption of a fundamentally wrong principle of assessment by the taxing officers, a taxpayer may not have recourse to the courts in the first instance to rectify an alleged excessive or erroneous assessment, the remedy provided by the statutes for having assessments adjusted by the county and state boards of equalization being exclusive in the absence of the contingencies referred to.

Same—Complaint—Time for Bringing Action—Allegation Unnecessary, When.
  3. *Held,* that the complaint in an action to recover taxes paid under protest need not allege that suit was brought within the sixty-day period prescribed in section 2269, Revised Codes of 1921, it being sufficient if it be made to appear affirmatively that it was so brought, by recitals showing when the tax was paid and when the complaint was filed.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

ACTION to recover taxes paid under protest by the Belknap Realty Company against J. S. Simineo, as County Treasurer of Yellowstone County, and another. Judgment for plaintiff and defendants appeal. Reversed and remanded.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. E. E. Collins,* County Attorney, for Appellants, submitted a brief; *Mr. Frank Woody,* Assistant Attorney General, argued the cause orally.

Citing: *Danforth* v. *Livingston,* 23 Mont. 558, 59 Pac. 916; *State* v. *State Board of Equalization,* 56 Mont. 413, 185 Pac. 708, 714, 186 Pac. 697; *Weatherly* v. *Cloworth Development Co.,* 63 Okl. 307, 166 Pac. 156; *Coulter* v. *Louisville Bridge Co.,* 114 Ky. 42, 70 S. W. 29; *Soniat* v. *Board of State Affairs,* 146 La. 450, 83 South. 762; *Clay Co.* v. *Brown Lumber Co.,* 90 Ark. 413, 119 S. W. 251; *State* v. *Little,* 94 Ark. 217, 29 L. R. A. (n. s.) 721, 126 S. W. 713; *Clay Co.* v. *Bank of Knoble,* 105 Ark. 450, 151 S. W. 1013.

No appearance in behalf of Respondents.

MR. JUSTICE STARK delivered the opinion of the court.

In this action the plaintiff, a Montana corporation, seeks to recover from the defendants the sum of $436.72, with interest, for taxes alleged by it to have been paid under protest.

After setting forth the corporate capacity of the plaintiff and defendant county and the official position of the defendant treasurer, the complaint alleges that plaintiff is the owner of certain lots located in the city of Billings, which the county assessor in making the assessment for 1921 valued at $163,700, when in truth and fact their actual value did not exceed $140,000; that the valuation thereof for assessment purposes was fixed at $49,110, when it should have been fixed at not

to exceed $42,000; and "that when the board of equalization of Yellowstone county, Montana, was in session for the year 1921, the plaintiff appeared before said board and objected to the valuation of said lots and improvements thereon as so fixed by the assessor and asked that the same be reduced to the actual value thereof," but that the board refused to make the reduction. It is then alleged that the total taxes on the excess valuation was $436.72, which amount plaintiff paid to defendant under a written protest on November 28, 1921, and that because of the excessive valuation, the county commissioners had no authority to levy any tax upon any such excess valuation; that such levy was illegal, and the defendants had no legal authority to collect the amount so paid under protest; and that the plaintiff is entitled to recover the same with interest.

The defendants filed a general demurrer to the complaint, which was overruled; whereupon they filed an answer. The case was tried to a jury and resulted in a verdict in favor of the plaintiff. From the judgment entered thereon, defendants have appealed. Numerous errors are assigned, but it is only necessary to consider the one which raises the question of the sufficiency of the complaint.

By section 2048, Revised Codes of 1921, the county assessor [1, 2] is required to prepare an assessment-book in which must be listed, amongst other things, a description of city lots with the names of the owners, together with the value of the same and the improvements thereon.

Sections 2113 to 2121, inclusive, Revised Codes of 1921, constitute the board of county commissioners a board of equalization, which is required to meet on the third Monday of July of each year to equalize the assessment of property in the county, and it is authorized, after giving notice, to increase or lower any assessment in the assessment-book prepared by the assessor so as to make the assessment conform to the true value of the property in money.

Section 2115 provides as follows: "No reduction must be made in the valuation of property, unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by his oath, showing the facts upon which it is claimed such reduction should be made."

In the case of *Barrett* v. *Shannon*, 19 Mont. 397, 48 Pac. 746, which was also an action to recover from the county treasurer taxes which had been paid under protest, the complaint contained an allegation similar to the one above quoted, and this court, in holding that it was fatally defective, after quoting the above section, which was then section 3782, Political Code of 1895, said: "Before the plaintiff could be entitled to relief in any action, his complaint should show a compliance with this essential condition precedent. In any action, before he would be entitled to relief, the plaintiff would surely be required to prove that he had made this application in writing, under oath, as required by said section of the Code. If it be essential to prove it, it must follow as a natural consequence that it is necessary for plaintiff to allege it in his complaint. There is no such allegation in the complaint, and on account of this omission the complaint is bad, and the general demurrer thereto should have been sustained." Upon the authority of that case alone it is clear that the complaint in this action does not state a cause of action and that the court erred in overruling the defendants' demurrer thereto.

But there are still other reasons why the complaint in this case fails to state a cause of action. In 1916, section 15, Article XII, of the state Constitution was amended and the powers of the state board of equalization extended so as to give it authority to "adjust and equalize the valuation of taxable property among the several counties and the different classes of taxable property in the same and in the several counties and between individual taxpayers; supervise and review the acts of county assessors and county boards of equalization; change, increase or decrease valuations made by county assessors or equalized by county boards of equaliza-

tion, and has such authority and may do all things necessary to secure a fair, just and equitable valuation of taxable property among the counties and between the different classes of property and individuals.''

Following this amendment and to carry out its provisions, the legislature enacted section 2123, Revised Codes of 1921, requiring the state board of equalization to meet at the state capitol on the fourth Monday in July of each year and remain in session until the third Monday of August and longer if required to do so to complete its business, and ''at such meetings adjust and equalize the valuation of taxable property among the several counties, and the different classes of taxable property in the same, and in the several counties and between individual taxpayers; supervise and review the acts of county assessors and the county boards of equalization; change, increase or decrease valuation made by county assessors or equalized by the county boards of equalization; and exercise such authority and do any and all things necessary to secure a fair, just and equitable valuation of taxable property among the counties, and between the different classes of property and individual taxpayers.'' And in section 2124 it is further provided: ''Any person, firm, or corporation aggrieved by the action of any county board of equalization, may appeal to the state board of equalization by filing with the county board a notice of appeal, and a duplicate thereof with the state board of equalization, within five days after the action of said county board, which notice shall specify the action complained of, and the reasons assigned for such complaint. The state board may require the county board to certify the minutes of its proceedings resulting in such action, and all testimony taken in connection therewith, and may reverse, modify, or affirm the action complained of.''

Under the above statutory provisions both the county board of equalization and the state board of equalization are empowered to call and examine witnesses to aid them in their determinations. Their decisions are *quasi*-judicial. ''So long

as they are not guilty of fraud and do not adopt a funda-
mentally wrong principle of assessment'' the court cannot
interfere or substitute its judgment for theirs.   (*State* v. *State
Board of Equalization,* 56 Mont. 413, 448, 185 Pac. 708.)

Referring to a situation similar to the one presented here,
.this court in *Danforth* v. *Livingston,* 23 Mont. 558, 59 Pac.
916, said: ''There is no provision of the statute allowing any
appeal from the action of those officers.   It seems clear, there-
fore, that it was the intention of the legislature to make their
action final, and to deny to the courts the power to review
their judgment or to assume supervisory control over their
proceedings.   The value of property is a matter of opinion,
and there must necessarily be left a wide room for the exer-
cise of this opinion.   *   *   *   Courts cannot be called upon,
in every instance, to settle differences of opinion in this re-
gard between the assessing officer and the property ·owner.
Otherwise, courts would be converted into assessing boards,
and, in assuming to act as such, would usurp the powers
lodged elsewhere by the lawmaking branch of the govern-
ment.''

In Black on Tax Titles, second edition, section 142, 'the au-
thor said: ''When the statutes provide a remedy against an
excessive, erroneous, or improper assessment of the property
of an individual, by proceedings before a board of equalization
or review, the taxpayer must, at his peril, avail himself of
this remedy; he cannot resort to the courts in the first in-
stance.   And if he neglects to bring his complaint before the
board of equalization, he cannot assail the assessment in any
collateral manner, except, it may be, upon allegation of fraud,
nor can he invoke the common law or equitable powers of
the courts for the redress of his grievance.''   The same rule
is announced in Cooley on Taxation, third edition, 1382, and
sustained by citations of authority from nearly all states of
the Union.

Counsel for defendants further contend that the complaint
[3] is not sufficient for the reason that it does not show on

its face that the plaintiff's action was commenced within sixty days after the thirtieth day of November of the year in which such tax was paid, as provided in section 2269, Revised Codes of 1921, and in support thereof cite the case of *Dolenty* v. *Broadwater County,* 45 Mont. 261, 122 Pac. 919. In the instant case the record discloses that the tax in question was paid on November 28, 1921, the complaint filed on January 11, 1922, and the defendants appeared by demurrer on January 27, 1922. This is an affirmative showing that the action was commenced in time. The rule announced in the *Dolenty Case* does not require that the complaint shall allege that the action was commenced within the sixty-day period, but that the fact of its being so brought must appear on the record.

The statutes having made ample provision whereby a taxpayer may have any alleged excessive or erroneous assessment or valuation of his property reviewed by the county and state boards of equalization, this remedy is exclusive except in cases where fraud or the adoption of a fundamentally wrong principle of assessment is shown. The plaintiff, having failed to show in its complaint that it had availed itself of these remedies, has not stated any grounds to entitle it to relief in court.

We have noted the provisions of section 2270, Revised Codes of 1921, giving a taxpayer the right to maintain an action to recover taxes paid under protest in the special circumstances therein named, but such circumstances do not appear in this case. A construction of that statute is not now in any way involved and no opinion is expressed concerning it.

For the reasons above set forth, the complaint does not state facts sufficient to constitute a cause of action, and the general demurrer thereto should have been sustained.

The judgment is reversed and the cause remanded to the district court of Yellowstone county, with instructions to sustain the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.