No. 14539

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

———————————

M. F. KELLER, TOM SELSTAD, JIM WOODAHL,
ART WENZEK, GEORGE BUZZAS et al.,

Petitioners and Appellants,

-vs-

DEPARTMENT OF REVENUE OF THE STATE OF MONTANA,
an official agency of the State of Montana;
CASCADE COUNTY, MONTANA, a political subdivision
of the State of Montana; and THE CITY OF GREAT
FALLS, MONTANA, a municipal corporation of the
State of Montana,

Respondents and Respondents.

———————————

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellants:

        Graybill, Ostrem, Warner & Crotty, Great Falls, Montana
        Donald Ostrem argued, Great Falls, Montana

    For Respondents:

        R. Bruce McGinnis argued, Dept. of Revenue, Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls, Montana
        David V. Gliko, City Attorney, Great Falls, Montana

———————————

                              Submitted:  June 12, 1979

                                Decided:  JUL 1 1 1979

Filed:

*Thomas J. Kearney*
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is brought by taxpayers in the City of Great Falls from an order of the District Court, Cascade County, dismissing their action for declaratory judgment. Plaintiffs-appellants sought a declaration that the defendant State Department of Revenue had illegally denied them the taxation appraisal and assessment benefits of the Montana Economic and Land Development Act (MELDA), which became effective on January 1, 1976. Chapter 549, Laws of Montana 1975. The District Court ruled that plaintiffs had not exhausted their administrative remedies and were therefore not entitled to judicial review.

A brief review of MELDA assists an understanding of the parties' contentions. As originally enacted, MELDA provided for classification of various types of land according to the land's desirable use and created a system of taxation designed to encourage such desirable use. Chapter 549, Sections 7 through 20, Laws of Montana 1975, codified as sections 84-7507 through -7520, R.C.M. 1947, repealed Chapter 582, Section 20, Laws of Montana 1977. One element of the Act was a provision for review and approval of a local governing body's own plan for classification of land within its jurisdiction. Section 84-7505, R.C.M. 1947, repealed Chapter 582, Section 20, Laws of Montana 1977. Section 84-7505(5) further provided that if a city or county governing body had failed to submit a suitable land use classification plan by January 2, 1978, the State Department of Community Affairs would prepare the plan.

The City of Great Falls adopted a plan for land use classification under MELDA on April 26, 1977, by City Com-

-2-

mission Resolution No. 6941.  On August 17, 1977, the State

Department of Revenue notified the City that the plan did

not conform to MELDA's provisions, and thus persons acting

in reliance upon the City's land use plan would not receive

MELDA tax treatment.

Plaintiffs are citizens of Great Falls who expended

money for construction and improvement in reliance upon the

City's MELDA plan.  After learning of the Department of

Revenue's determination that the plan did not conform, they

sought direct relief from the Department by requesting MELDA

treatment of their investments.  The Department refused to

implement MELDA treatment, and plaintiffs filed their action

before the District Court.  The petition before the District

Court requested a declaration that the Department of Revenue

had acted illegally in refusing to implement the City's

MELDA plan, and further that plaintiffs were entitled to

MELDA tax treatment despite the repeal of the Act by the

1977 Legislature.  Paragraphs XI, XIII, and XIV of plain-

tiffs' complaint.

As noted above, the District Court dismissed the com-

plaint, ruling that plaintiffs were first required to seek

administrative review of the Department of Revenue's deter-

mination before the State Tax Appeal Board:

> "The provisions of the said statute are anything
> but simple and requires a great deal of knowledge
> and experience in land use and development, land
> classification, zoning, appraisals, assessments
> and taxation, in order for the reader to fully
> understand and comprehend the legislative intent
> . . . It is to be noted in this connection that
> the State Tax Appeal Board has jurisdiction to
> review decisions of the Department of Revenue in
> regard to property assessments, taxes and penal-
> ties.  Section 84-708(3), R.C.M. 1947, as amended.
>
> " . . .

"Because of the complexity of the statute and the necessity of bringing state agency administrative expertise and knowledge to bear on the implementing of such a comprehensive land development and tax incentive program, this case is an example of the reason for the rule requiring exhaustion of administrative remedies before courts will interfere with administrative proceedings."

Plaintiffs bring two issues on appeal:

1. Whether taxpayers have an administrative remedy before the State Tax Appeal Board concerning a decision by the State Department of Revenue which declared a city land use plan not to be in compliance with MELDA.

2. Whether, if such a remedy exists, the taxpayers were required to pursue that remedy before bringing an action in District Court to obtain a declaration of the meaning of legislation.

Under the first issue plaintiffs argue that the Department of Revenue did not issue any order from which they could appeal. They contend that the City of Great Falls was the only entity capable of pursuing an appeal on the Department's refusal to implement the Great Falls MELDA plan. Plaintiffs were not parties to any proceedings before the Department of Revenue, and did not submit any plan to it. Therefore, they argue, they have no standing to appeal to the State Tax Appeal Board.

The Department of Revenue responds that it had issued two rulings, both of which plaintiffs could have appealed to the Tax Appeal Board. The first is a letter of August 17, 1977, by which the Department informed the City that its land use plan did not comply with MELDA. The second is a letter dated December 19, 1977, which was a direct response to the plaintiffs' attorney. The Department contends that these constituted final decisions which affected the tax-

payers, and the taxpayers could have appealed to the Tax Appeal Board under section 84-708(3), R.C.M. 1947.

The scope of decisions by the Department of Revenue which are appealable to the State Tax Appeal Board is set forth in section 84-708(3), R.C.M. 1947:

> "To hear appeals from decisions of the Department in regard to business licenses, property assessments, taxes and penalties."

Thus, when property assessment decisions are rendered by the Department of Revenue, the property owner affected must ordinarily first seek review before the Tax Appeal Board. Two exceptions to this rule, however, have been recognized by this Court in previous decisions, the first of which is relevant to this issue, the second to plaintiffs' second issue.

In Sletten Construction Company v. City of Great Falls (1973), 163 Mont. 307, 516 P.2d 1149, a Montana construction corporation, Sletten, brought a mandamus action before this Court in an original proceeding. Sletten sought to have set aside a certificate of residency which the Department of Revenue had issued to an out-of-state corporation, Acton, and to obtain a writ of mandamus directing the city to accept its bid for a public works project rather than Acton's. The Supreme Court granted the requested relief despite the Department's objection that Sletten had failed to exhaust its administrative remedy before the Tax Appeal Board. Sletten, it held, was not bound by the rule because it had not participated in the proceedings by which the Department had determined that Acton qualified for a certificate of residency:

> "We recognize that general principle that ordinarily administrative remedies must be exhausted before applying for judicial review. However,

this principle has no application to the instant
case. Sletten was not a party to the administra-
tive proceedings awarding the certificate of
residency to Acton, had no notice thereof, and
could hardly be said to have an administrative
remedy under such circumstances." 163 Mont. at
311, 516 P.2d at 1151.

The Department seeks to distinguish Sletten by arguing
that while the plaintiff in that case did not participate in
the proceedings by which Acton was granted a certificate of
residency, plaintiffs in the present case were very much
involved in the determination of whether the Department of
Revenue would implement the City's MELDA plan. The Depart-
ment relies on two facts to support this argument. First,
it states that various individuals who are among the plain-
tiffs appeared before the Department in an administrative
hearing on June 9, 1977, before the Department's deter-
mination of whether to implement the plan was made. Second,
the Department states that plaintiffs brought themselves
within the administrative process by requesting a recon-
sideration of the ruling of December 6, 1977. Without
further analysis, the Department concludes that these facts
bring plaintiffs squarely within the provisions of Matter of
DeWar (1976), 169 Mont. 437, 548 P.2d 149. DeWar is a case
involving the jurisdiction of the city police commission of
Great Falls and makes mention neither of the Tax Appeal
Board's jurisdiction nor of the Sletten decision. It does
rule, however, that a declaratory judgment action is not the
proper vehicle for obtaining relief from an administrative
ruling "within the jurisdiction of administrative bodies or
commissions in the process of exercising their quasi-judi-
cial functions and/or power." 169 Mont. at 445, 548 P.2d at
154.

-6-

It is not clear why the Department relies on DeWar, other than for its general statement that a party aggrieved by administrative action must first exhaust its administrative remedies. The case does not discuss the situation of a nonparty. Nothing within MELDA appears to confer party status to a taxpayer who lives within the jurisdiction of a governing body which seeks to have its MELDA plan implemented by the Department of Revenue. There is no basis suggested in the Department's brief for conferring that status on all persons who either appear at a public hearing on the proposed plan or who request a reconsideration of the Department's decision after it has already been made. There appears no reason then, to take the present case out of the Sletten rule by declaring that plaintiffs had sua sponte made themselves parties to the City's application.

Plaintiffs' second issue is directed to the exhaustion of administrative remedies. Having found they are not proper parties for purposes of appeal to the Tax Appeal Board, the City being that party, we will examine the issue as to the action taken by the Department of Revenue as being one done under the "fundamentally wrong principles of appraisal."

Plaintiffs argue that the determination made by the Department of Revenue was not an assessment decision such as contemplated by section 84-708(3) to be within the Appeal Board's jurisdiction, but rather an interpretation of law which must be determined by the judiciary.

As discussed above, there are two exceptions which this Court has previously announced to the rule of exhaustion of tax appeal board remedies. The second applies to this issue.

In Larson v. State (1975), 166 Mont. 449, 534 P.2d 854, the Court held that a plaintiff need not exhaust administrative remedies before the Tax Appeal Board if the question to be determined involved an allegation that the Department of Revenue had used a "fundamentally wrong principle" of appraisal:

> "'The statutes having made ample provision whereby a taxpayer may have any alleged excessive or erroneous assessment or valuation of his property reviewed by the county and state boards of equalization, this remedy is exclusive except in cases where fraud or the adoption of a fundamentally wrong principle of assessment is shown.' (Emphasis supplied.)" 166 Mont. at 456, 534 P.2d at 858, quoting Belknap Realty Co. v. Simineo (1923), 67 Mont. 359, 365, 215 P. 659, 661.

In Larson the plaintiffs challenged a local appraisal system which had been utilized prior to the statewide appraisal required under the 1972 Montana Constitution. The Court held that this came within the Belknap Realty rule because such a local appraisal was alleged to be a "fundamentally wrong principle" of assessment, thereby requiring a legal, not an administrative determination:

> "The State's use of an unconstitutional and illegal appraisal here is the type of 'fundamentally wrong principle' of appraisal for which specific exception was made in Belknap. Were it otherwise, we would have the anomalous situation of an administrative, quasi-judicial board passing on constitutional and statutory questions presented by this appeal." 166 Mont. at 456-57, 534 P.2d at 858.

In the present case, the same "anomaly" would arise if the Tax Appeal Board were first required to hear and determine plaintiffs' complaint. Plaintiffs do not challenge any particular appraisal or assessment but do challenge the Department's decision not to utilize MELDA. Additionally, they seek a determination of the effect of MELDA's repeal, clearly not an administrative question. These issues are of

equal legal significance to those raised in <u>Larson</u> because they involve the "fundamental principles" to be utilized in an appraisal of and assessment on plaintiffs' property. Plaintiffs should not be required to present their case to the Tax Appeals Board.

The judgment of the District Court is reversed with directions to hear and determine plaintiffs' action for declaratory judgment.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices