FILED

July 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0699

DA 14-0699

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 216

RONALD MURRAY,

       Plaintiff and Appellant,

   v.

JONATHAN MOTL, Montana Commissioner
of Political Practices,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV 14-36A
                Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Arthur V. Wittich, Michael L. Rabb, Wittich Ogburn, P.C., Bozeman,
              Montana

       For Appellee:

              Jonathan R. Motl, Jaime MacNaughton, Commissioner of Political Practices,
              Helena, Montana

Submitted on Briefs:  May 13, 2015
Decided:  July 28, 2015

Filed:

_____
                       Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Ronald Murray appeals an order issued by the Eighteenth Judicial District Court, Gallatin County, dismissing his action for declaratory relief. We affirm.

¶2 Murray raises one issue on appeal, which we restate as follows:

*Whether the District Court erred in dismissing Murray's declaratory relief action for lacking a justiciable controversy.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Murray is a resident of Gallatin County who ran unsuccessfully for House District No. 69 during the primary election in June 2010. Jonathan Motl is the current Montana Commissioner of Political Practices (COPP).

¶4 On December 18, 2013, COPP issued a decision finding sufficient evidence that Murray had violated Montana's campaign practices laws and that civil adjudication of the violations was warranted.[1] The following day, COPP forwarded the sufficiency decision to the Lewis and Clark County Attorney for consideration. On December 24, 2013, the county attorney waived his right to participate in the action, citing § 13-37-124(2), MCA, which then authorized the COPP to pursue an appropriate action.

¶5 On January 17, 2014, Murray filed an Action for Declaratory Relief in the Gallatin County District Court. Murray sought a determination that Motl, in his capacity as the COPP, violated § 13-37-124, MCA, by referring the sufficiency decision to the Lewis and Clark County Attorney, rather than the Gallatin County Attorney. On February 28, 2014, the

---

[1] The above referenced decision, *Washburn v. Murray*, COPP-2010-CFP-0019, replaced a prior COPP decision issued by Motl's predecessor. The COPP's Summary of Facts and Findings of Sufficient Evidence to Show a Violation of Montana's Campaign Practices Act is available on the COPP website. *See* http://politicalpractices.mt.gov/2recentdecisions/campaignfinance.mcpx.

COPP filed a complaint against Murray in the Lewis and Clark County District Court alleging the various campaign finance and practice violations identified in the sufficiency decision. We refer to the February 28, 2014 complaint as the "Enforcement Action."[2]

¶6 On March 5, 2014, the COPP filed an answer to Murray's complaint in the Gallatin County District Court, as well as a notice that the COPP had filed the Enforcement Action in Lewis and Clark County District Court. On March 14, 2014, the COPP filed a motion for summary judgment on Murray's declaratory relief action in Gallatin County. Murray responded on April 7, 2014.

¶7 On September 22, 2014, the Eighteenth Judicial District Court in Gallatin County dismissed Murray's declaratory relief action for lack of a justiciable controversy and declined to rule on the COPP's motion for summary judgment. Noting its authority under M. R. Evid. 202, the court took judicial notice of the pending proceedings in the First Judicial District Court and concluded that Murray already had "an adequate alternative remedy available to him in that he may assert–and may already have asserted–the issues sought to be declared here as a defense," in the Enforcement Action. The court also concluded that any decision it might make would not bind the First Judicial District Court and would otherwise result in an advisory opinion. It declined to exercise jurisdiction.

¶8 Murray appeals.

---

[2] In addition to naming Murray as a defendant, the complaint identified Susan R. Nickson as Murray's appointed campaign treasurer during the 2010 primary election. The case is entitled *COPP v. Ronald Scott Murray and Susan R. Nickson*, BDV 2014-170.

¶9 This Court will not disturb a district court's determination that declaratory relief is not necessary or proper unless the court abused its discretion. *Miller v. State Farm Mut. Auto. Ins. Co.*, 2007 MT 85, ¶ 5, 337 Mont. 67, 155 P.3d 1278. However, we review the court's interpretations of law to determine whether they are correct. *Miller*, ¶ 5.

**DISCUSSION**

¶10 *Whether the District Court erred in dismissing Murray's declaratory relief action for lacking a justiciable controversy.*

¶11 The Uniform Declaratory Judgments Act (UDJA), §§ 27-8-101 through -313, MCA, is remedial with a purpose of settling and affording "relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." Section 27-8-102, MCA. "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 27-8-201, MCA. "Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Section 27-8-202, MCA. A court may, however, "refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Section 27-8-206, MCA; *see also In re Dewar*, 169 Mont. 437, 444, 548 P.2d 149, 153-54 (1976) ("The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation and to adjudicate rights of parties who

4

have not otherwise been given an opportunity to have those rights determined. However, it is not the true purpose of the declaratory judgment to provide a substitute for other regular actions.").

¶12    This Court has adopted two principles in regards to declaratory judgments:

> First, even though all of the necessary elements of jurisdiction exist, the district court is not required to exercise that jurisdiction. Secondly, a motion to dismiss a declaratory judgment rests with the sound discretion of the district court.

*Brisendine v. Dep't of Commerce*, 253 Mont. 361, 364, 833 P.2d 1019, 1020 (1992) (internal citations omitted). As stated in *Miller*, ¶ 7, and previous case law, "[i]t is necessary for a justiciable controversy to exist before a court may exercise jurisdiction under" the UDJA. *See also Northfield Ins. Co. v. Mont. Ass'n of Cntys.*, 2000 MT 256, ¶ 10, 301 Mont. 472, 10 P.3d 813 ("liberal interpretation of the [UDJA] is tempered by the necessity that a justiciable controversy exist before courts exercise jurisdiction").

¶13    In order to determine whether a justiciable controversy exists, a court applies the following test consisting of three elements:

> First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interests. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, [it] must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

*Miller*, ¶ 8 (citing *Northfield*, ¶ 12).

5

¶14    Murray argues that the District Court erred in relying upon the subsequently filed Enforcement Action to determine that no justiciable controversy exists in his Gallatin County declaratory relief action. Murray contends that he meets the criteria for establishing a justiciable controversy. We disagree.

¶15    As noted above, the District Court concluded that Murray has an adequate alternative remedy available to him in Lewis and Clark County because Murray may assert the issues raised in his declaratory action as a defense in that action. Murray's argument that the relief he seeks is separate and distinct from the relief afforded in the Enforcement Action is unavailing. The root of Murray's request is his contention that § 13-37-124, MCA, obligates the COPP to refer the violation findings to the Gallatin County Attorney in the Enforcement Action instead of the Lewis and Clark County Attorney. Murray may assert this defense in the Enforcement Action.

¶16    Moreover, even if the Eighteenth Judicial District Court rendered a decision, the decision would not "effectively operate" and bind any other judicial district, including the First Judicial District, nor would a decision "terminate the uncertainty or controversy giving rise to the proceeding." *See* § 27-8-206, MCA; *see also Miller*, ¶ 7; *see also Northfield*, ¶ 27 ("while a declaratory judgment need not resolve all issues between the parties, it must resolve those issues addressed in a manner that will have the effect of a final adjudication"). Such a decision would be merely an advisory opinion, which the parties concede is impermissible. *See Miller*, ¶ 8; *Northfield*, ¶ 18 ("courts have no jurisdiction to issue" advisory opinions).

6

**CONCLUSION**

¶17     For the foregoing reasons, we conclude that the District Court did not abuse its discretion in dismissing Murray's declaratory relief action.  We affirm.

                                                   /S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE


Justice Laurie McKinnon, concurring.

¶18     I concur with the Court's decision to affirm the dismissal of Murray's declaratory relief action based upon the provisions of § 27-8-206, MCA, and this Court's precedent. *See Miller v. State Farm Mut. Auto. Ins. Co.,* 2007 MT 85, ¶ 7, 337 Mont. 67, 155 P.3d 1278; *Northfield Ins. Co. v. Mont. Ass'n of Cntys.*, 2000 MT 256, ¶ 8, 301 Mont. 472, 10 P.3d 813; *Brisendine v. Dep't of Commerce*, 253 Mont. 361, 364, 833 P.2d 1019, 1020 (1992). Proceeding with a declaratory judgment action in the Eighteenth Judicial District Court would not bind the First Judicial District Court, and there would continue to remain uncertainty and controversy as to the proper county in which to file notice of the commissioner's sufficiency findings.

¶19     Although parties have attempted to raise the issue many times, the proper county in which to file notice pursuant to § 13-37-124, MCA, has yet to be determined by this Court.

7

At each turn, a different statutory roadblock is raised—the venue statute, rules pertaining to intervention, or provisions allowing district courts discretion to refuse to render judgment pursuant to the declaratory judgment statute. Normally, it would not be so difficult to bring a matter before this Court, especially given the singularity of the issue presented and the familiarity of the litigants with that issue. I suspect the difficulty may be attributable, in part, to the uniqueness of the statute we will perhaps be allowed to interpret, some day, for the benefit of all.

¶20 Suffice it to say, while Murray has the right to a judicial determination of the proper county for filing notice by the commissioner, he does not have the ability, under this particular statute, to insist on which court makes that determination. This is true because the commissioner, as the initiator of the enforcement proceeding, chooses the county in which to file—subject to challenges which may be raised by the candidate in that court.

¶21 It is evident that this will be the only manner in which the issue will be decided by this Court.

/S/ LAURIE McKINNON