DANFORTH, Respondent, *v.* LIVINGSTON, Appellant.

[No. 1,458.]

[Submitted January 11, 1900.  Decided February 10, 1900.]

*Taxation—Assessment—Valuation—Appeal—Presumption.*

1.  Since there is no statute allowing an appeal from the action of the county assessor
    and board of county commissioners, sitting as a board of equalization, in preparing
    the assessment roll, under Political Code, Sections 3700 *et seq.*, 3780-3785, providing
    for valuing property for the purpose of taxation in counties where the assessed valu-
    ation is less than $8,000,000, courts will not interfere with the action of these officers
    where it does not appear that the assessor did not act fairly and honestly, or that
    the board of equalization did not give plaintiff a fair hearing, and where the only
    ground on which relief is sought is that the valuation of plaintiff's property was fixed
    at $14,250, whereas its actual value was admittedly only $9,700.
2.  The fact that the assessor fixed the valuation of property at $14,250, whereas its
    actual value was only $9,700, is not, standing alone, such an excess in the valuation
    as to justify a conclusive presumption of fraud or malice on the part of the assessor.

*Appeal from District Court, Park County; Frank Henry,
Judge.*

INJUNCTION by James A. Danforth against Alex. Living-
ston, treasurer and collector of Park county, Montana, to

restrain the collection, by sale, of taxes due on real estate belonging to the plaintiff. From a judgment for plaintiff, defendant appeals. Reversed.

## STATEMENT OF THE CASE.

Application for an injunction to restrain the collection, by sale, of taxes due for the year 1898 upon real estate belonging to the plaintiff. The complaint, after setting forth the official character of the defendant, substantially alleges the following: That on the first Monday in March, 1898, the plaintiff was, and at all times since has been and still is, the owner of certain lots situated in the town of Livingston, county of Park, state of Montana; that the duly elected, qualified and acting assessor of said county, having listed and valued the real estate in said county for the purpose of taxation for the year 1898, entered the same upon the assessment roll thereof; that plaintiff's property was entered upon said roll, and valued at $14,250; that the assessor thereafter delivered said roll to the county clerk of said county, duly verified as required by law; that thereafter, and during the time provided by law, the board of county commissioners of said county sat as a board of equalization to equalize the said assessment roll; that on the 28th day of July, 1898, and while said board was sitting as a board of equalization, the plaintiff, by his duly appointed agent, J. E. Swindlehurst, appeared before said board, and filed an affidavit, setting forth that the full cash value of said real estate, on the first Monday in March, 1898, was the sum of $9,700 only; that the said J. E. Swindlehurst, acting for the plaintiff as aforesaid, then and there asked the said board to reduce the assessment on the said property, as made by the assessor, to its actual cash value; that the full cash value thereof was in fact $9,700, as stated in said affidavit; that the said board refused to allow the request of the plaintiff, and to make any reduction in the assessment whatsoever; that the total levy of taxes of said county for the year 1898, for all purposes,—state, county and municipal,—as fixed by the board of county commissioners, was

33 mills on each dollar of valuation of the taxable property; that this levy included also the property of plaintiff at the valuation fixed by the assessor as aforesaid; that thereafter the county clerk of said county computed the amount to be paid by this plaintiff as his proportion of the taxes for that year at the sum of $470.25, and thereupon delivered the assessment roll, containing said assessment, to the defendant herein for the purpose of collection; that thereupon the defendant published a notice as required by law, that the taxes for 1898, with costs and penalties added, would be delinquent, if not paid on or before the first Monday in December, 1898; that the plaintiff did not pay the tax so levied against his real estate, and that the same has been declared delinquent; that the said defendant, as treasurer, now threatens to collect the same, with the 10 per cent. penalty and costs added thereto; that on the 22d day of December, 1898, the said defendant, as county treasurer, advertised the plaintiff's said property for sale, as provided by law in such case, to enforce the collection of the said tax due and delinquent as aforesaid, and will proceed to sell the same, unless restrained from so doing by an order of this court; that on the third day of December, 1898, this plaintiff, by his duly authorized agent, tendered and offered to pay to the defendant, as such county treasurer, the sum of $321, this being the full amount of tax due from the plaintiff upon his said real estate, at its full cash value; that the defendant refused to accept said sum in full payment of the amount due from plaintiff; and that this plaintiff has always been, and still is, ready to pay said sum to the defendant, and now pays the same into court, for the use and benefit of the said treasurer, as the full amount due from him. Judgment is thereupon demanded that the defendant be required to accept the said sum of $321 as full payment of the tax due from plaintiff for the year 1898; and that an injunction issue perpetually restraining defendant from proceeding further with the threatened sale of plaintiff's property.

To this complaint a general demurrer was interposed. After argument, the court below, on July 6, 1898, overruled

the demurrer, and granted the defendant 30 days from that date in which to file his answer. On the 18th day of July thereafter, the defendant having elected to stand upon the demurrer, the court entered judgment in accordance with the prayer of the complaint, directing the defendant to accept the sum of $321 as the full amount due from the plaintiff, and perpetually enjoining him from proceeding further with the sale. From this judgment the defendant has appealed.

*Mr. H. J. Miller*, and *Mr. C. B. Nolan, Attorney General*, for Appellant.

*Messrs. Smith & Wilson*, and *Mr. A. P. Stark*, for Respondent.

The contention of the appellant's counsel that the action of the assessor and the board of equalization in the valuation of property is judicial, and cannot therefore be attacked in a collateral proceeding, is a fundamental error. (Constitution, Article VIII, Sec. 1; *Hedges* v. *County Commissioners*, 4 Mont. 280; *Bardrick* v. *Dillon* (Okl.), 54 Pac. 785; *State Auditor* v. *R. R. Co.*, 6 Kan. 507; *Ferris* v. *Higley*, 20 Wall. 375, 22 L. C. B. page 385.) We take it that the remedy by injunction in the case at bar is expressly given by Sec. 4023 of the Political Code of Montana. (*Comm'rs* v. *Lang*, 8 Kan. 284; *Griffith* v. *Watson*, 19 Kan. 23; *Stiles* v. *City of Guthrie*, 3 Okl. 26, 41 Pac. 383; *Wilson* v. *Longendyke*, 32 Kan. 270; *Bardrick* v. *Dillon* (Okl.), 54 Pac. 785.) We believe it is a general rule in all the states and territories having statutes similar to ours, that where property has been assessed for more than its actual value, and the property owner has tendered and offered to pay the tax collector the amount of taxes due upon his property at the legal rate of taxation, upon its true value, courts of equity will enjoin the collection of the excess, provided the taxpayer has applied to the board of equalization for redress and has been refused. (*First National Bank of Missoula* v. *Bailey*, 15 Mont. 301; *Green Mountain Stock Ranching Co.* v. *Savage*, 15 Mont. 189; *N.*

*P. Ry. Co.* v. *Patterson,* 10 Mont. 90; *Helton* v. *The Commercial Natl. Bank,* 101 U. S. 143, L. Co. op. B. 25, 961; *Cummings* v. *Natl. Bank,* 101 U. S. 153, L. Co-op. B. 25, 903; *Chicago B. & Q. R. Co.* v. *Board of Comm'rs,* 39 Pac. 1039 (Kan.); *Wallace* v. *Bullen,* 52 Pac. 954 (Okl.); *Dakota Loan & Trust Co.* v. *County of Coddington* (S. D.) 68 N. W. 314; *Yocum* v. *Natl. Bank* (Ind. Sup.) 43 N. E. 231.)

**PER CURIAM.**—Under the provisions of the statute, the duty of valuing property for the purpose of taxation, in counties of the class to which Park county belongs (those in which the assessed valuation is less than $8,000,000), is confided to the skill and judgment of the assessor, subject, however, to revision, upon proper application, by the board of commissioners of the county, sitting as a board of equalization. (Political Code, Secs. 3700 *et seq.,* 3780–3785; Laws 1897, pp. 195, 196.) The assessor must ascertain the full cash value thereof, and so list it upon the assessment roll, under proper headings. (Political Code, Secs. 3690, 3724.) Thereupon the board of commissioners sit as a board of equalization to revise and correct the roll thus made up, but this board has no power to raise or lower the valuations fixed by the assessor, except as provided in Secs. 3780–3785, *supra.* There is no provision of the statute allowing any appeal from the action of these officers. It seems clear, therefore, that it was the intention of the legislature, acting under the power vested in it by the Constitution (Constitution, Art. XII, Secs. 1, 16, 18), to make their action final, and to deny to the courts the power to review their judgment or to assume supervisory control over their proceedings. Accordingly, under the great weight of authority, courts will ordinarily not interfere with the action of these officers to correct mere errors of judgment. It is only where they act fraudulently or maliciously, or the error or mistake is so gross as to be inconsistent with any exercise of honest judgment, that courts will grant relief. (Cooley on Taxation (2d Ed.) pp. 409, 410; Welty on Assessment, Sec. 137; 2 Desty on Taxation, 655; *Republic Insur-*

*ance Co.* v. *Pollak*, 75 Ill. 294; *Porter* v. *Railroad Co.*, 76 Ill. 561; *Gage* v. *Evans*, 90 Ill. 570; *Union Trust Co* v. *Weber*, 96 Ill. 346; *San Jose Gas Co.* v. *January*, 57 Cal. 616; *Attorney General* v. *Supervisors*, 42 Mich. 72, 3 N. W. 260; *Wilmington C. & A. R. Co.* v. *Board of Com'rs of Brunswick Co.*, 72 N. C. 10; *Wade* v. *Commissioners*, 74 N. C. 81; *International & G. N. R. Co.* v. *Smith Co.*, 54 Tex. 1; *Hamilton* v. *Rosenblatt*, 8 Mo. App. 237.).

In the case under consideration there is no suggestion that the assessor acted otherwise than fairly and honestly, or that the board of equalization did not accord to the plaintiff a full and fair hearing. Neither is there any charge that the valuation put upon plaintiff's property is disproportionate to the values given to other property in the county of like character and situation. The ground upon which relief is sought, and upon which it was evidently granted by the court below, is the fact that the assessor fixed the valuation of plaintiff's property at $14,250, whereas its actual value is admittedly only $9,700. Under the authorities cited, this fact, standing alone, is not sufficient to warrant the relief sought. There is not such an excess in the valuation as to justify a conclusive presumption of fraud or malice on the part of the assessing officer. The value of property is a matter of opinion, and there must necessarily be left a wide room for the exercise of this opinion. Absolute accuracy cannot always be attained. Courts cannot be called upon, in every instance, to settle differences of opinion in this regard between the assessing officer and the property owner. Otherwise, courts would be converted into assessing boards, and, in assuming to act as such, would usurp the powers lodged elsewhere by the lawmaking branch of the government.

Counsel for respondent insist that this Court in *Cobban* v. *Hinds, ante* p. 338, 59 Pac. 1, impliedly recognized the contention here made by them, that an excess in valuation justifies interference by the courts by injunction to restrain the collection of a tax based thereon. Counsel are in error. The expressions used in that case merely show that the question discussed here was not then before the court for consideration.

The district court should have sustained the demurrer. Let the judgment be reversed, and the cause remanded, with directions to the court below to sustain the demurrer.

*Reversed and remanded*

