HALSEY J. BLAIR, PAUL B. McADAM, ANNA W. Mc-ADAM, CARL R. WILCOXSON, BENJAMIN E. BERG, HALSEY J. BLAIR, ET AL., OLGA GREEN, CONTINENTAL OIL CO., RALPH W. PEPPER, ET AL., PARK SECURITIES CORP., MARIE H. HERRICK, ET AL., C. HOLLY HEFFERLIN, ELLEN K. PEIRSON, ET AL., PLAINTIFFS AND RESPONDENTS, v. FRED W. POTTER, AS COUNTY TREASURER OF PARK COUNTY, MONTANA, DEFENDANT AND APPELLANT.

Nos. 9388-9400.
Submitted April 25, 1957. Decided September 9, 1957.
315 Pac. (2d) 177.

Mr. Robert T. Pantzer, Co. Atty., Livingston, and Mr. Ralph J. Anderson, Helena, for appellant.

Mr. Fred L. Gibson, Messrs. Berg & Pfohl and Mr. Vard Smith, Livingston, for respondent.

Mr. Pantzer, Mr. Anderson and Mr. Ben E. Berg, Jr., argued orally.

MR. JUSTICE BOTTOMLY:

This is an appeal from a judgment of the sixth judicial district of the State of Montana, in and for the County of Park. This appeal consolidates appeals of twelve other similar cases upon the same pleadings, facts and issues. The consolidation of the appeals has been stipulated and by the stipulation, the judgment made, rendered and entered in the case of Halsey J. Blair, Plaintiff v. Fred W. Potter as County Treasurer of Park County, Montana, Defendant, is and shall also be the judgment made, rendered and entered in each of the following cases: The supreme court appeal number is herein given first, then the district court number, followed by the title of the case, to-wit:

No. 9389—No. 9529  Paul B. McAdam v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9390—No. 9530  Anna W. McAdam v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9391—No. 9534  Carl R. Wilcoxson v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9392—No. 9535  Ada K. Berg v. Fred W. Potter as County Treasurer of Park County, Montana.

No. 9393—No. 9536  Halsey J. Blair and Joan Blair Berg v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9394—No. 9538    Olga Greene v. Fred W. Potter as County Treasurer of Park County, Montana.

No. 9395—No. 9539    Continental Oil Company v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9396—No. 9540    R. W. Pepper and Ethel Pepper v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9397—No. 9542    Park Securities Corp., a corp., v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9398—No. 9543    Marie H. Herrick and C. Holly Hefferlin v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9399—No. 9544    C. Holly Hefferlin v. Fred W. Potter, as County Treasurer of Park County, Montana.

No. 9400—No. 9545    Ellen K. Peirsol, Winnifred A. Conger and Fred L. Gibson, Jr., v. Fred W. Potter, as County Treasurer of Park County, Montana.

In this action Halsey J. Blair seeks to recover from the defendant the sum of $14.28 with interest for taxes paid under protest, having filed his complaint therefor in the district court of Park County, Montana, on January 19, 1952.

To the plaintiff's complaint the defendant demurred on the grounds that the complaint does not state facts sufficient to constitute a cause of action. The demurrer of defendant came on for hearing before the court on April 28, 1952, and was by the court overruled. Thereafter defendant answered. The trial was had before the court sitting without a jury on May 25, 1953.

At the commencement of the trial, upon the first witness for the plaintiff answering to his name and before any testimony was elicited, the defendant objected to the introduction of any evidence in the case on the part of the plaintiff, on the grounds

that plaintiff's complaint did not state facts sufficient to constitute a cause of action, and for the following reasons: That the complaint is void of any allegation that the plaintiff, before resorting to this action at law, filed with the county board of equalization of Park County, an application for reduction in assessment so as to make the assessment conform to the true value of the property involved; that the complaint is void of any allegation that the plaintiff, before resorting to this action at law, appeared before the county board of equalization, the state board of equalization or anyone charged with the equalization of taxes; that since the complaint concedes that the plaintiff claims only that portion of the tax levied which is in excess of the sum deemed proper by the plaintiff, the action is then based upon the theory that it is one to recover taxes alleged to be excessive. In such event the plaintiff must first have written application therefor prior to filing an action at law, and this is not shown by the pleadings.

The trial judge overruled the motion and objections and ordered plaintiff to proceed. Trial was had and judgment filed December 21, 1953, in favor of plaintiff. From this judgment defendant appeals.

Halsey J. Blair, hereinafter called the plaintiff, on the first Monday of March 1951, was according to his complaint the owner of certain real property with improvements thereon, located in the City of Livingston, Park County, Montana. During the month of April 1951 the county assessor of Park County, Montana, during the regular course of his assessment, requested from the plaintiff a statement under oath setting forth all of the real and personal property owned by the plaintiff, in his possession, or under his control at twelve noon on the first Monday of March 1951.

Pursuant to said request the plaintiff furnished and delivered to the county assessor a statement describing and listing for taxation the real property with improvements thereon that he owned in Park County, Montana, and gave as his (plaintiff's)

estimate, of the value of the improvements thereon, the sum of $1,350.

Thereafter on or about the 30th day of April 1951, the county assessor of Park County, Montana, delivered to the plaintiff by mail a written "Notice of Change of Assessment List," wherein it was set out that the value of the improvements upon the property of the plaintiff had been increased from the value estimated by the plaintiff of $1,350 to a value of $2,380. It is not disputed and it is a fact that the written notice of change of the assessment list was given to the plaintiff more than ten days prior to the regular statutory meeting of the Park County commissioners sitting as a county board of equalization.

The "Notice of Change of Assessment List" so admitted, as being given by the assessor and received by plaintiff, is in words and figures as follows:

"To Halsey & Frances M. Blair

"Address 132 So. 5th

"In accordance with Section 84-4503 of the Revised Codes of Montana, 1947, notice is hereby given that a change has been made in your assessment list as follows:

"Liv. O P Lots 20-21—Blk 97

"Improvements on above lots have been increased from

"$1350.00 to $2380.00.

"The County Board of Equalization will be in session between the third Monday in July and the second Monday in August at the Courthouse of Park County at Livingston, Montana, at which time you may appear and contest this change of assessment in the manner provided by law.

"J. L. Cowan

"Assessor of Park County, Montana"

Thereafter the county assessor, J. L. Cowan, reduced the said assessed value to $2,229, and upon this reduced assessed valuation the tax was levied.

It is pertinent to note that plaintiff did not appear before the Park County board of equalization to contest or protest the change of assessment made by the county assessor, neither did

plaintiff provide or have anyone in his behalf appear before the said county board of equalization to contest or protest the increase of his assessment or at all, and of course plaintiff's complaint contained no allegation or mention that he had done so. The facts in this case bring the matter squarely within the provisions of R.C.M. 1947, section 84-4503. Said section, as pertinent here, provides:

"Whenever any person has delivered to the assessor a sworn statement of his property subject to taxation as now provided by law, and giving the estimated value of such property, and the assessor shall increase such estimated value, or add other property to such assessment list, he shall, at least ten days prior to the meeting of the county board of equalization, give to such person written notice of such change  *  *  *."

Such statutory notice was given to the plaintiff by the assessor and well within the statutory time, and is so admitted by plaintiff.

The statute, section 84-4503, then provides:

"Such person [the plaintiff herein] may then appear before the county board of equalization and contest the same; and if the assessment of any such person has been added to or changed, either by the assessor or by the county board of equalization,  *  *  *  such facts and all questions relating thereto, when said tax has been paid under protest, may be heard and determined in the action provided for in section 84-4502. When any person has appeared before the county board of equalization and has contested the increase in the estimated value of his property, or the addition of other property to his assessment list, and has appealed to the state board of equalization from any action or decision with reference thereto by the county board of equilization and such person is aggrieved at the final action of the state board of equalization in making or allowing such increase or addition, *he may pay the tax on such increase or addition*  *  *  *  under protest in the manner provided by section 84-4502, and  *  *  *  may commence an action to recover such tax  *  *  *  and in such action contest and

litigate the payment of such taxes on such increased value or added property, *on the same grounds and for the same reasons that he has contested the same before the county and state boards of equalization, and for no other reasons and on no other grounds* \* \* \*'' Emphasis supplied.

It is apparent from reading the foregoing sections 84-4502 and 84-4503, and the legislative history thereof, that the legislature intended to and did provide a simple, adequate, detailed and complete administrative procedure to be followed by the taxpayer for his relief in such cases.

When, under the facts as here, the taxpayer has delivered to ▆▆▆ the assessor a sworn statement of his property, subject to taxation, and has given his estimated value thereof; and as here, the assessor has increased such estimated values; and the assessor has, as here, given the taxpayer the required statutory notice of the change within the statutory time; then if the taxpayer has any objection to the valuation and assessment so increased by the assessor, he has the right and the statute provides that he appear before the county board of equalization and contest the increase or change. If, after contesting the change before the county board of equalization, the taxpayer is aggrieved at the county board's action, he has the right to appeal to the state board of equalization as provided by the statute; and if dissatisfied with the final action of the state board of equalization as provided by the statute, then the taxpayer may pay the tax on such increase under written protest and then bring his action within sixty days, after such payment under protest, in any court of competent jurisdiction to recover such tax. This administrative remedy is exclusive.

R.C.M. 1947, section 84-4504, so far as pertinent here, provides:

''The remedy hereby provided *shall* supersede the remedy of injunction and all other remedies which might be invoked to prevent the collection of taxes \* \* \* alleged to be irregularly levied *or demanded,* except in unusual cases where the

remedy hereby provided is deemed by the court to be inadequate." Emphasis supplied.

As no injunction or other extraordinary remedy was applied ▮ for, or any mention made thereof in the pleadings, it may not be considered. Since plaintiff's complaint is barren of any allegation that he had first pursued the statutory administrative procedure before the county board of equalization and the state board of equalization, which is provided for his relief, and which was available to him, and which was expressly called to his attention in the "Notice of Change of Assessment List" by the assessor, he may not now complain. The demurrer of the defendant should have been sustained. Compare Barrett v. Shannon, 19 Mont. 397, 48 Pac. 746; Belknap Realty Co. v. Simineo, 67 Mont. 359, 362, 215 Pac. 659.

When the statute provides a remedy in such matters the taxpayer must avail himself of this remedy; he cannot resort to the courts in the first instance. This court in Belknap Realty Co. v. Simineo, supra, 67 Mont. at page 364, 215 Pac. at page 661, quoting from Danforth v. Livingston, 23 Mont. 558, 59 Pac. 916, said: " 'The value of property is a matter of opinion, and there must necessarily be left a wide room for the exercise of this opinion. * * * Courts cannot be called upon, in every instance, to settle differences of opinion in this regard between the assessing officer and the property owner. Otherwise, courts would be converted into assessing boards, and, in assuming to act as such, would usurp the powers lodged elsewhere by the lawmaking branch of the government'."

3 Cooley, Taxation, section 1201 (4th ed.) pages 2403, 2411, sets out the general rule thus: "In other words, if a remedy for an excessive or improper assessment of an individual, by proceeding before an officer or board, is provided for by statute, a taxpayer cannot resort to the courts in the first instance, and if he neglects to duly avail himself of the statutory remedy before the officer or board he is precluded from thereafter attacking the assessment except for jurisdictional defects * * * And the general rule is that if one fails to appeal to the stat-

utory board of review, he can have no remedy in the courts.''
Citing among other cases First Nat. Bank of Missoula v. Bailey,
15 Mont. 301, 39 Pac. 83.

In the case before us, the plaintiff paid the first half of the
■ 1951 tax in the total sum of $48.55, of which sum only
$14.28 was paid under protest. It is only this sum of $14.28
so paid which plaintiff seeks to recover, thus negativing the
idea that the assessment of the tax imposed is illegal or void.
Being liable for a tax upon his property, but opposing only a
part thereof, brings this case within the principle and well-
settled rule of authority that where a person is liable to taxation
for personal and real property, that his sole remedy for such
an over-valuation and over-taxation is by the statutory pro-
cedure of appearing before the proper taxing boards in the
first instance. The courts will not interfere under the facts
here until such relief has been sought and denied, and the plead-
ing must affirmatively show that the complainant has done so.

The assessment here being not wholly void on any theory, this
■ action, although cast in the form of an action to recover
a tax paid under protest, is only available to review the decisions
of the boards of county equalization and the decisions of the
state board of equalization. A court may not assume jurisdiction
in such a case unless the complaint affirmatively shows the
plaintiff has exhausted his statutory remedies. Compare John-
son v. Johnson, 92 Mont. 512, 15 Pac. (2d) 842.

In Hammond Lumber Co. v. Los Angeles County, 104 Cal.
App. 235, 241, 285 Pac. 896, 899, that court said:

''In case a taxpayer feels aggrieved by reason of the asses-
sor's valuation, the law provides for a determination of the facts
by a tribunal sitting as a county board of equalization. When
the assessment is not wholly void, it is to this tribunal that the
taxpayer must first apply for relief, and the decision of the
board, made after due hearing and within the limits of reason-
able discretion, is final and conclusive.''

In Eastern-Columbia, Inc., v. County of Los Angeles, 61 Cal.
App. (2d) 734, 743, 143 Pac. (2d) 992, 997, the court said in

a similar case: "Where, as in the instant case, the taxpayer feels he has just cause for complaint, the law has set up a tribunal composed of the Board of Supervisors, sitting as a Board of Equalization, to determine the facts. * * * Where, as here, the assessment is not wholly void, an action such as the present one, though partaking of an action to recover a tax paid under protest is in fact, and properly so, a proceeding to review the decision of the Board of Equalization."

In Parr-Richmond Industrial Corp. v. Boyd, 43 Cal. (2d) 157, 164, 272 Pac. (2d) 16, 21, the supreme court of California said:

"*Plaintiff is correct in its distinction as to the necessity for recourse to the board of equalization prior to resort to the court.* Where the owner of property rights claims that the tax assessment overvalued what he owned, he may not attack the determination of a board of equalization in court unless he has fully and fairly presented the question of the value of his property to the board." Citing many cases. Emphasis supplied.

In City and County of San Francisco v. County of San Mateo, 36 Cal. (2d) 196, 222 Pac. (2d) 860, it was held *that before a taxpayer may apply for judicial relief against an improper tax he must exhaust his remedies before the administrative body that has the initial power to correct the errors.*

In Security-First Nat. Bank v. Board of Sup'rs of Los Angeles County, 35 Cal. (2d) 319, 217 Pac. (2d) 946, it was held that it is the general rule that a taxpayer seeking judicial relief from an *erroneous assessment* must have exhausted his remedies before the administrative body empowered initially to correct the error. Citing among many cases West. Pub. Co. v. McColgan, 27 Cal. (2d) 705, 166 Pac. (2d) 861; Dawson v. County of Los Angeles, 15 Cal. (2d) 77, 98 Pac. (2d) 495; Luce v. City of San Diego, 198 Cal. 405, 245 Pac. 196. Not only is the foregoing rule in Montana as elsewhere, but here in Montana there are other cogent reasons why the complaint in this case fails to state a cause of action.

Section 15 of article XII of the Constitution of Montana pro-

vides: "The board of county commissioners of each county shall constitute the county board of equalization. The duties of such board shall be to adjust and equalize the valuation of taxable property within their respective counties, and all such adjustments and equalizations may be supervised, reviewed, changed, increased or decreased by the state board of equalization. * * * The state board of equalization shall adjust and equalize the valuation of taxable property among the several counties, and the different classes of taxable property in any county and in the several counties and between individual taxpayers; *supervise and review the acts of the county assessors and county boards of equalization; change, increase, or decrease valuations* made by county assessors or equalized by county boards of equalization; and exercise such authority and do all things necessary to secure a fair, just and equitable valuation of all taxable property among counties, between the different classes of property, and between individual taxpayers. * * *"

The legislature to implement the foregoing constitutional provisions has enacted R.C.M. 1947, sections 84-701 to and including 84-723. R.C.M. 1947, section 84-708, subs. 5 and 6, thereof impose the duties upon the state board of equalization in the words of the above-quoted parts of section 15 of article XII of the Constitution of Montana. It is apparent from the constitutional provisions and the statutory requirement herein noted that the legislature has provided a comprehensive administrative procedure to protect the rights of the taxpayer and assure him of his day in court in all such disputes wherein the taxpayer feels aggrieved at the assessment of his property by the assessor, and wherein as here, the taxpayer believes such assessment is excessive, erroneous, or improper.

However, in the event the taxpayer neglects and ignores this exclusive remedy and procedure, he may not in the first instance in such cases, seek relief in the courts.

For the reasons above set forth, the complaint in this action does not state facts sufficient to constitute a cause of action,

and the general demurrer thereto should have been sustained, as well as the objection to the introduction of testimony of defendant made at the start of the trial.

The judgment of the district court is reversed and set aside and the complaint dismissed.

This opinion shall be entered by the clerk of the court of the sixth judicial district of the State of Montana, in and for the County of Park, in this case and each of the above-numbered and entitled cases in this court, and in said district court in conformity with R.C.M. 1947, section 93-8025, as the final judgment herein and in each of said numbered cases. Costs below and in this court to defendant.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, ANGSTMAN, and ADAIR, concur.