No. 83-45

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

THE DEPARTMENT OF REVENUE OF
THE STATE OF MONTANA,

        Appellant,

  -vs-

SHIRLEY PAXSON,

        Respondent.

Appeal from:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

Counsel of Record:

    For Appellant:

        Larry G. Schuster, Dept. of Revenue, Helena, Montana

    For Respondent:

        James E. Purcell; Henningsen, Purcelll & Genzberger,
Butte, Montana

Submitted on Briefs:  March 31, 1983

Decided:  July 21, 1983

Filed:  **JUL 21 1983**

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The Department of Revenue (DOR) appeals from an error of the Silver Bow County District Court that set aside the order of the State Tax Appeal Board relating the taxable valuation of 6 lots in Silver Bow County owned by the plaintiff, Shirley Paxon. The plaintiff had argued to the trial court that a 20 percent reduction in the assessed valuation of her property because the property was partly in a flood plain, was insufficient. The trial court agreed, and not only set aside this 20 percent reduction as unsupported by the record, but also set the tax by applying the taxpayer's theory of tax reduction and the exact figures she had presented to the State Tax Appeal Board and before that, the Silver Bow County Tax Appeal Board.

We affirm that part of the order setting aside the 20 percent reduction. Clearly, not only was there no substantial credible evidence to support this figure, there was no evidence. However, we vacate that part of the order which also determined that the tax should be based solely on the taxpayer's theory of reduction and the taxpayer's estimates of taxable value. We cannot say as a matter of law that the administrative bodies charged with setting the taxable valuations were bound to accept either the taxpayer's theory or the taxpayer's figures for the tax reduction. The trial court clearly overstepped its bounds when it usurped the function of the administrative bodies charged with the responsibility of finding the facts and arriving at the proper taxable valuation.

The assessment of the taxpayer's property is part of the continuing state-wide reassessment of real property in this

state mandated by the 1972 Montana Constitution. The taxpayer's land, before the new assessment, was assessed at $10,425. However, the DOR's new assessment was $146,245 and taxes were to be based on this figure. The taxpayer filed a request for review with the county tax appeal board, contending that the property was overvalued because parts of her property taxed were within a flood plain and therefore, that her property had less value than comparable property not within the flood plain.

At the hearing before the county tax appeal board, the taxpayer presented evidence by a contractor that it would cost $87,294.60 to haul fill onto the lots to build them up so that they would not be within the flood plain. The taxpayer, therefore, argued that the $146,245 valuation set by the Department of Revenue should be reduced by $87,294 leaving a taxable value at $58,951.

The county tax appeal board provides a form specifying the action the board took on the taxpayer's request, and this form also provides language indicating that the board is to give reasons for its action taken. However, with no reasons given, the county tax appeal board simply entered a one-line order stating that a 20 percent reduction of the taxable valuation would be granted because of terrain factors. No one knows why the 20 percent figure was chosen.

The taxpayer then appealed this decision to the State Tax Appeal Board, and this board held another hearing. The board heard additional testimony and took judicial notice of evidence relating to other properties in the same vicinity as the taxpayer's property. In addition, the DOR, apparently at the board's request, submitted a list of comparable property valuations. Although the 20 percent reduction figure was

referred to by one of the witnesses, no indication appears in the record why this figure was chosen as the appropriate reduction factor.

The state board denied the taxpayer's appeal and affirmed the county board's decision. In its order the state board noted that a 20 percent reduction figure for terrain features was a proper figure to use in reducing the taxable valuation of the taxpayer's property. This order also failed to explain how the 20 percent figure was reached. The taxpayer then appealed this order to the District Court, the scope of review being limited by the Montana Administrative Procedures Act (sections 15-2-301 through 15-2-304, MCA).

After the notice of appeal was filed, the trial court apparently held a pre-trial conference, although what took place is not revealed in the record. However, no hearing was held and the parties did not file briefs. Whether the parties expected that a hearing would be held before the decision, or at least that briefs would be filed before the decision, is also not revealed by the record. In any event, the trial court simply reviewed the record on file and granted all the relief the taxpayer requested. In its order of May 13, 1982, the trial court ruled that the 20 percent figure was supported by no evidence and that no reasons were given for adoption of that figure by the tax appeal board. The court concluded this figure was arrived at in an arbitrary and capricious manner and set the board's order aside. We affirm this part of the trial court's order.

But, the trial court went an additional step and ruled that the State Tax Appeal Board should have accepted and adopted the taxpayer's theory of reduction and the taxpayer's figures. The court, therefore, set the taxable value of the

taxpayer's property for the years 1980, 1981, and 1982, at $58,951. This ruling exceeded the powers of the trial court sitting as a reviewing court and it is reversed.

The focus of the Department of Revenue's appeal is simply a contention that the trial court had no right to set aside the 20 percent figure arrived at by both tax appeal boards, the contention being that substantial evidence supported this figure and the trial court had no right to set it aside. However, substantial evidence did not support this figure; no evidence supported this figure. The trial court was clearly correct in setting it aside. On the other hand, we cannot ignore the fact that the trial court became the finder of fact by determining what the proper tax should be, and that is not the function of the trial courts sitting as reviewing courts. The effect of the trial court's order is that the county and state boards were required to accept and adopt that precise theory and figures urged by the taxpayer as to what the tax should be. That is not the law.

Although, the county and state boards should have considered the theory and the figures offered by the taxpayer and given some indication of why they did not adopt this approach, it does not follow that these boards were bound to adopt the theory and figures offered by the taxpayer. Because the boards were wrong in adopting the 20 percent reduction figure without an evidentiary foundation, it does not follow that the taxpayer was right in contending that the taxable valuation must be reduced by the cost required to build the land up to a level that would take it out of the flood plain. This function is initially one for the administrative agencies or boards, and not one for the courts.

- 5 -

We must remand this case for further hearings because the 20 percent reduction figure adopted by the tax appeal boards was not supported by any evidence, let alone substantial evidence. It appears, however, that it would be too time consuming to remand it to the county tax appeal board to start the process all over again. Because the State Tax Appeal Board not only has review authority, but also can reopen the case to take additional evidence (section 15-2-301(2), MCA), it is proper that the state board again hear this case to determine the proper valuation of the taxpayer's property.

We affirm in part and reverse in part, with directions that the District Court remand this cause to the State Tax Appeal Board for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices