No. 85-167

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

THE DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

        Petitioner and Appellant,

-vs-

GROUSE MOUNTAIN DEVELOPMENT AND
BRIAN T. GRATTAN,

        Respondents.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable H. Gardner Brownlee, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry G. Schuster; Dept. of Revenue, Helena, Montana

    For Respondent:

        Fisher & Erickson; Leif B. Erickson, Whitefish,
        Montana

---

               Submitted on briefs: July 11, 1985

                      Decided: October 31, 1985

Filed:  OCT 31 1985

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The Department of Revenue appeals from the judgment of the District Court, Eleventh Judicial District, County of Flathead, reversing the decision of the State Tax Appeal Board relating to the method of determining the taxable valuation of respondents' golf course. We affirm in part and reverse in part.

Grouse Mountain Development is a limited partnership which developed a golf course, residential subdivision and resort area near Whitefish, Montana. Brian Grattan was the partner largely responsible for the development project. During 1980, Grouse Mountain Development and Grattan commenced construction of a nine-hole golf course adjoining the residential subdivision. In order to secure financing for the project, Grouse Mountain Development had to encumber all of the property, including the golf course, with a mortgage. Grattan could not develop the residential area unless he convinced the City of Whitefish to annex the area to the City so that the lots would be served by city water and sewage. The City passed ordinance A-333 which required the developer to grant a perpetual use of the golf course to the public as a condition to annexation.

Grattan determined that he did not wish to operate or manage the golf course. Consequently, he entered into a 75-year lease with the Whitefish Lake Golf Association whereby the Association would pay a nominal rent of one dollar per year and it would manage and operate the course. A clause in the lease required the Association to pay any ad valorem taxes levied against the golf course.

For tax year 1981, the Department of Revenue appraised the golf course land at $66,480 and it appraised the golf course improvements at $225,000. Grattan, with the assistance of the Whitefish Lake Golf Association, appealed those appraised values to the Flathead County Tax Appeal Board. That Board denied any relief and Grouse Mountain Development appealed to the State Tax Appeal Board. After a lengthy hearing, the State Tax Appeal Board reduced the value of the land to $46,892 and it sustained the appraised value of the improvements at $225,000. Aggrieved by the decision of the State Tax Appeal Board, Grouse Mountain sought judicial review in the District Court pursuant to § 15-2-303, MCA. The District Court reversed the State Tax Appeal Board. The District Court found that the State Tax Appeal Board acted arbitrarily, capriciously and abused its discretion by adopting a method of valuation which failed to consider the public use restriction placed on the golf course. The District Court further ordered the State Tax Appeal Board to accept respondents method of valuation and to enter its order reducing the value of the property to an amount not in excess of $50,000.

The only issue raised by the Department of Revenue on review is whether a District Court may reverse a State Tax Appeal Board valuation determination if there is substantial evidence in the record to support the State Tax Appeal Board's decision.

The District Court as a reviewing court may reverse or modify the decisions of the State Tax Appeal Board and remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are clearly

erroneous in view of the reliable, probative and substantial evidence of the whole record or are arbitrary, capricious or characterized by an abuse of discretion. Section 2-4-704, MCA. This Court, however, has stated that it is not a judicial function to act as an authority on taxation matters. Tax appeal boards are particularly suited for settling disputes over the appropriate valuation of a given piece of property, and the judiciary cannot properly interfere with that function. Northwest Land v. State Tax Appeal Board (Mont. 1983), 661 P.2d 44, 47, 40 St.Rep. 470, 473; Larson v. State (1975), 166 Mont. 449, 457, 534 P.2d 854, 858; Blair v. Potter (1957), 132 Mont. 176, 183, 315 P.2d 177, 180. Assessment formulations are within the expertise of the State Tax Appeal Board and we will uphold their decisions unless there is a clear showing of an abuse of discretion. Northwest Land, 661 P.2d at 47, 40 St.Rep. at 473.

In the instant case, the State Tax Appeal Board rejected the appraisal of Roger D. Jacobson, respondents' fee appraiser, who valued the land and improvements at $50,000. The methodology used by the appraiser was primarily a market data approach based on comparable sales. He found four golf courses that had sold in northwestern Montana in the years 1977 and 1978. Allocations were made for the value of such things as liquor licenses, clubhouses, motels, swimming pools and additional land available for subdivision. He also took into account the age of the courses and the time factor involved and arrived at a value of $20,000 per hole.

The appraiser then considered the effect of the public use restriction on the value of the property. The appraiser found that this limitation on use greatly decreased its value to a willing buyer. He then sought sales of land likewise

- 4 -

restricted in use to determine the effect of such use restriction on the value of land. The appraiser found that the use restriction on the subject property reduced its value to 20 to 30% of its value had no restriction existed.

The State Tax Appeal Board accepted the testimony of Mantz Hutchinson, appraisal supervisor for Flathead County. His methodology of appraisal was to consult the 1976 version of the Marshall-Swift Valuation Manual to determine replacement cost for various types of golf courses. Based on the Marshall Manual, Hutchinson valued the golf course improvements at $25,000 per hole or $225,000 for the full nine holes. Hutchinson did not make any adjustment in value for the public use restriction on the property with regard to the land or improvement.

The District Court found the State Tax Appeal Board abused its discretion in arriving at a value based on the appraisal of Hutchinson because his appraisal was based on a cost of replacement approach which failed to take into account the effect on value of the public use restriction.

Other courts have dealt with the effect of use restrictions on the value of golf course property. In Twin Lakes Golf and Country Club v. King County (Wash. 1976), 548 P.2d 538, an eighteen-hole golf course was built as part of the Twin Lakes Development. Before approving the project, the county required the developer to construct a golf course on the realty and reserve it for common open space and golf course area. The assessor in Twin Lakes used a cost of replacement approach in arriving at a value. The assessor, however, did not take into account the restriction placed on the property. In construing R.C.W. 84.40.030, the Washington state equivalent to § 15-8-111, MCA, the Washington Supreme

Court stated that the market value of realty is to be measured by considering benefits to be garnered from the use of the property and the burdens placed upon it. Burdens are restrictions which may arise from zoning ordinances or other legal limitations on the use of land. Twin Lakes, 548 P.2d at 540. We hold that the public use restriction is a burden on the property that must be taken into consideration in determining the property's market value under § 15-8-111, MCA.

Appellant contends that the State Tax Appeal Board considered the public use restriction and cites the Court to the following language in the Board's decision in support of its contention:

> The restriction on use, as set forth in the City of Whitefish, Ordinance A-333 applies to the land involved. Under this ordinance the owner has given up an important right--the right to determine the use of the land. He has, however, retained two rights which are also of great importance, the right to mortgage and the right of reversion.
>
> Section 15-7-103, states in part: . . . (2) All lands shall be classified according to their use or uses . . .. Although this section appears to relate to agricultural land, it is the opinion of the Board that land use must be considered in setting a value, and since no other use can be made of the subject land, it should be appraised at a value comparable to other golf courses in Flathead County. The two courses on which the Board has information are appraised at $800 per acre and $1,000 per acre. The Board has no information as to whether or not use restrictions apply to these courses. It heretofore appears reasonable to this Board to assign the lower figure, $800 per acre to the land occupied by the golf course. (Emphasis added.)

The above language, however, refers only to the Board's determination of the value of respondents' land and not the value of the improvements thereon. The discussion also makes it abundantly clear that the Board chose not to take the

- 6 -

public use restriction into consideration in its valuation methodology.

Although we do not hold that the cost of replacement approach is an improper method in valuing this property, we do hold that the State Tax Appeal Board must use a method which properly takes the use restriction into consideration. For that reason we affirm that portion of the District Court order which found that the State Tax Appeal Board abused its discretion for failing to take into account the public use restriction on the golf course.

The District Court also remanded this cause to the State Tax Appeal Board with directions to enter an order reducing the value of the property, including improvements, to an amount not in excess of $50,000. We cannot say as a matter of law that the administrative bodies, charged with setting the taxable valuations, were bound to accept either the taxpayer's theory or the taxpayer's figures for tax reductions. The District Court clearly overstepped its bounds when it usurped the function of the administrative bodies charged with the responsibility of finding the facts and arriving at the proper taxable valuation. Department of Revenue v. Paxson (Mont. 1983), 666 P.2d 768, 769, 40 St.Rep. 1210, 1211. We reverse that part of the order which determined that the value of the property, including improvements, should not exceed $50,000.

We affirm in part and reverse in part, with directions that the District Court remand this cause to the State Tax Appeal Board for further proceedings in accordance with this opinion.

John C. Sheehy
_____
Justice

- 7 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices