No. 88-80

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

CLAYTON E. DEVOE,

        Petitioner and Appellant,

    -vs-

THE DEPARTMENT OF REVENUE OF MONTANA;
MISSOULA COUNTY; and FERN HART, the
Missoula County Treasurer,

        Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               THe Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        David Rodli Law Offices, Missoula, Montana

    For Respondent:

        Larry G. Schuster, Dept. of Revenue, Helena, Montana
        Robert L. Deschamps, III, County Attorney, Missoula,
        Montana; Michael W. Sehestedt, Deputy County Atty.

Submitted on Briefs: June 22, 1988

Decided: August 9, 1988

Filed: AUG 9 1988

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.


Mr. DeVoe appeals a decision of the District Court for the Fourth Judicial District, Missoula County, which sustained a prior decision of the State Tax Appeal Board (STAB) regarding ad valorem taxes on certain commercial properties for the years 1980, 1981, 1982, and 1984. We reverse the District Court with directions to remand the matter to STAB.

Mr. DeVoe argues that the District Court erred in upholding the STAB decision regarding the Department of Revenue (DOR) appraisal of his property. He raises five issues on appeal:

1. Did STAB err by refusing to consider Mr. DeVoe's own appraisal of the property?

2. Was the STAB order erroneous because the board failed to grant Mr. DeVoe a reduction in appraisal value based on the manual disparity issue?

3. Did STAB err by not reducing the value of Mr. DeVoe's property by the same amount as it had other comparable properties?

4. Did STAB err by not considering the effect of a zoning change on one of Mr. DeVoe's properties?

5. Did the District Court err by refusing to review the record or to consider the merits of Mr. DeVoe's appeal from STAB?

The appellant, Mr. DeVoe, owns two commercial apartment complexes in Missoula, Montana. Beginning in 1980, Mr. DeVoe challenged DOR's assessment of his properties for ad valorem tax purposes. The last challenge for purposes of this appeal was for the 1984 tax year. The Missoula County Tax Appeal Board upheld DOR's valuations, with the exception of several issues unrelated to the present appeal. STAB consolidated

the appeals for all years and issued its Findings of Fact, Conclusions of Law, and Order in December 1984. Mr. DeVoe appealed that order to the District Court. That court "sustained" the STAB decision, with the exception of the 1983 tax year which was remanded to STAB.

I

Did STAB err by refusing to consider Mr. DeVoe's own appraisal of the property?

In its order, STAB made the following finding:

> [A] sales ratio study is only one side of the equation which the Montana Supreme Court decreed must be satisfied. The taxpayer presented no evidence to show the market value of the subject property or the ratio of that value to the appraised value as determined by the DOR.

Mr. DeVoe argues that he did present evidence of market value. He presented letters from two bank officials regarding a decline in property values in Missoula. More significantly, he presented evidence of market value through his own testimony. The board also reached the following conclusions:

> This Board has never accepted as valid an appraisal done by a property owner on his own property. The Board concludes that accepting the taxpayer's appraisal in preference to the appraisal done by the DOR would be highly improper.
> The taxpayer failed to meet the criteria set down by the Montana Supreme Court as a standard for this Board to follow in making its decisions in cases based on an alleged disparity between residential and commercial properties.

Section 15-8-111, MCA, provides that generally all taxable property must be assessed at 100% of its market value. Subsection (2)(a) of that statute defines market value:

> Market value is the value at which property would change hands between a willing buyer and a

3

willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.

In Department of Revenue v. Paxson (1983), 205 Mont. 194, 198, 666 P.2d 768, 770, we held that the county and state boards should have considered the theory and figures offered by the taxpayer and given an indication why they did not adopt the taxpayer's approach, although it did not follow that those boards were bound to adopt the taxpayer's theory and figures. We conclude that STAB's finding that Mr. DeVoe presented no evidence of market value was clearly erroneous. We further hold that STAB's conclusion that it would not accept an appraisal done by the taxpayer and would not consider the same was an abuse of discretion. We therefore remand in order that STAB may reconsider this evidence. We point out that under Paxson, STAB is required in that reconsideration to consider the theory and evidence offered by the taxpayer.

II

Was the STAB order erroneous because the board failed to grant Mr. DeVoe a reduction in appraisal value based on the manual disparity issue?

This Court, in Department of Revenue v. State Tax Appeal Bd. (1980), 188 Mont. 244, 613 P.2d 691, was faced with a DOR practice of appraising residential property by using an appraisal manual reflecting 1971 replacement costs while appraising commercial property by using an appraisal manual reflecting 1976 replacements costs. Both residential and commercial property were within the same legislative classification. Section 15-6-134, MCA. The Court stated the following conclusion:

> Given the legal and factual premises noted, the method used by the Department in these cases would

4

seem, on its face, to have violated uniformity, equal protection and due process requirements. If different valuation statistics are applied to different pieces of property in the same legal classification, an illegal disparity in valuation is likely to result.

Department of Revenue v. State Tax Appeal Bd., 613 P.2d at 693. Due to this disparity in manual valuations, STAB had applied a 34 percent across-the-board reduction to all commercial improvement appraisals in that case. This Court reversed on that issue concluding that the District Court lacked adequate evidence for any reduction without conjecture or speculation. The Court then set further criteria pursuant to which evidence of true and assessed values of commercial and residential property should conform:

> Workable criteria for concrete determination of discrepancy have been delineated by the Iowa Supreme Court:
> "In order to obtain relief upon the ground that his property is assessed inequitably, it is essential that the taxpayer prove (1) that there are several other properties within a reasonable area similar and comparable to his; (2) the amount of the assessments on these properties; (3) the actual value of the comparable properties; (4) the actual value of his property; (5) the assessment complained of; (6) that by a comparison his property is assessed at a higher proportion of its actual value than the ratio existing between the assessed and actual valuations of the similar and comparable properties, thus creating discriminations." Maxwell v. Shivers (1965), 257 Iowa 575, 133 N.W.2d 709, 711.

> We would adopt these criteria as at least a starting place for actual comparison of true value to assessed value ratios. They, and other reasonable criteria that might be devised by the Department or the Board, should set the standard for proof in each case.

<u>Department of Revenue v. State Tax Appeal Bd.</u>, 613 P.2d at 694-95.

STAB in Mr. DeVoe's case considered the above criteria and found that he had presented no evidence to prove the market value of his property; therefore, he failed to present sufficient proof to meet the criteria. As previously discussed, STAB abused its discretion by failing to consider the evidence presented by Mr. DeVoe. We do not reach a conclusion as to the sufficiency of the evidence in relationship to market value or true value. We hold that such evidence should be considered by STAB on remand as it makes an actual comparison of true value to assessed value ratios as discussed in <u>Department of Revenue v. State Tax Appeal Bd.</u>

### III

Did STAB err by not reducing the value of Mr. DeVoe's property by the same amount as it had other comparable properties?

The DOR argues that this issue was raised for the first time in this appeal. Mr. DeVoe claims that DOR's position is contrary to the facts because STAB required DOR to produce evidence relative to this issue. We note that the parties seem to be arguing two different issues here. On remand, we direct that STAB consider the evidence on this issue and make appropriate findings and conclusions.

### IV

Did STAB err by not considering the effect of a zoning change on one of Mr. DeVoe's properties?

This Court, in Department of Revenue v. Grouse Mt. Development (Mont. 1985), 707 P.2d 1113, 42 St.Rep. 1642, considered the effect of a public use restriction on the market value of golf course property:

> In construing R.C.W. 84.40.030, the Washington state equivalent to § 15-8-111, MCA, the Washington Supreme Court stated that the market value of realty is to be measured by considering benefits to be garnered from the use of the property and the burdens placed upon it. Burdens are restrictions which may arise from zoning ordinances or other legal limitations on the use of land. Twin Lakes, 548 P.2d at 540. We hold that the public use restriction is a burden on the property that must be taken into consideration in determining the property's market value under § 15-8-111, MCA.

Grouse Mt., 707 P.2d at 1116, relying upon Twin Lakes Golf and Country Club v. King County (Wash. 1976), 548 P.2d 538. The Washington court later explained its holding in Twin Lakes by stating, "Twin Lakes . . . clearly states that the bottom line is market value." Sahalee Country Club v. Bd. of Tax App. (Wash. 1987), 735 P.2d 1320, 1322. Of course, pursuant to § 15-8-111, MCA, market value is the bottom line in Montana as well.

The zoning ordinance referred to by Mr. DeVoe may be a burden upon his property if, as he alleges, it renders his a nonconforming use. That use may or may not adversely affect the market value of his apartment complex. STAB erred in failing to consider the effect of the zoning ordinance, if any, on market value and in failing to make findings on this issue. On remand STAB shall determine whether the ordinance does affect Mr. DeVoe's property and shall also determine if the nonconforming use affects the market value of his property.

V

Did the District Court err by refusing to review the record or to consider the merits of Mr. DeVoe's appeal from STAB?

7

An excellent discussion of the scope and standard of judicial review of a STAB decision is found in Grouse Mt., 707 P.2d at 1115:

> The District Court as a reviewing court may reverse or modify the decisions of the State Tax Appeal Board and remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are clearly erroneous in view of the reliable, probative and substantial evidence of the whole record or are arbitrary, capricious or characterized by an abuse of discretion. Section 2-4-704, MCA. This Court, however, has stated that it is not a judicial function to act as an authority on taxation matters. Tax appeal boards are particularly suited for settling disputes over the appropriate valuation of a given piece of property, and the judiciary cannot properly interfere with that function. Northwest Land v. State Tax Appeal Board (Mont. 1983), 661 P.2d 44, 47, 40 St.Rep. 470, 473; Larson v. State (1975), 166 Mont. 449, 457, 534 P.2d 854, 858; Blair v. Potter (1957), 132 Mont. 176, 183, 315 P.2d 177, 180. Assessment formulations are within the expertise of the State Tax Appeal Board and we will uphold their decisions unless there is a clear showing of an abuse of discretion. Northwest Land, 661 P.2d at 47, 40 St.Rep. at 473.

For the purpose of this case, we would add that pursuant to § 2-4-704(2)(g), MCA, the court may reverse or modify the decision if substantial rights of the appellant have been prejudiced "because findings of fact, upon issues essential to the decision, were not made although requested."

The District Court, in its December 8, 1987, order "sustained" STAB's decision with respect to the appraised values of the commercial improvements for tax years 1980, 1981, 1982, and 1984. The court did so without any discussion or review of the record for sufficiency of evidence, saying only, "[T]his Court will not proceed to review the

merits of this case." This position was explained later in the order:

> It is not our function as a reviewing court to establish the terms of valuation to be utilized by STAB with respect to Petitioner's property. We will not agree to order STAB to reciv [sic] the evidence requested by Petitioner nor will we order Respondent to submit the requested Realty Transfer Certificate information or other requested information pertaining to valuation.

We are reversing the District Court's decision to affirm STAB. For reasons discussed already, we are ordering the matter remanded to STAB. The District Court abused its discretion in refusing to review for error the record and decision by STAB.

Mr. DeVoe also had requested an order to DOR to produce realty transfer certificate (RTC) information upon which it based its comparable sales data. We hold the District Court's refusal to order production of that information was erroneous, under our holding in O'Neill v. Department of Revenue (Mont. 1987), 739 P.2d 456, 461, 44 St.Rep. 1037, 1043-44. Upon remand, the District Court shall issue a subpoena to compel DOR to release relevant RTC information, under the guidelines of O'Neill. Upon remand STAB shall consider any such information which is relevant to the issues before it.

We reverse the decision of the District Court as to tax years 1980, 1981, 1982, and 1984, and direct the court to remand the matter to STAB for proceedings in accord with this opinion. In view of the previous remand by the District Court in connection with tax year 1983, it appears that year may also be considered by STAB in the same remand proceedings.

We reverse the judgment of the District Court and remand to the District Court with instructions to issue the subpoena described above and to remand the proceeding to STAB as herein provided.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

10