## NORTH BUTTE MINING CO., Respondent, v. SILVER BOW COUNTY, Appellant.

Nos. 8644, 8645

Submitted April 11, 1946.   Decided May 14, 1946

169 Pac. (2d) 339

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Asst. Atty. Gen., and Mr. Francis J. Roe, Co. Atty., and Mr. Philip O'Donnell, Deputy Co. Atty., both of Butte, for appellant.

Messrs. Poore & Poore and Mr. James A. Poore, Jr., all of Butte, for respondent.

Mr. Wm. F. Shallenberger, of Thompson Falls, amicus curiae.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

These two cases present the same legal question. Both involve a net proceeds tax. One involves the tax for the year 1942 and the other for the year 1943.

The net proceeds for each year were computed by the state board of equalization at the same figures submitted by plaintiff in its statement filed with the board. The county clerk of Silver Bow county where plaintiff is engaged in mining levied the assessment upon those figures. Plaintiff paid the taxes for each year without protest. That for 1942 was paid in two installments, one-half on November 30, 1943, and the other one-half on January 24, 1944; the 1943 tax was paid in full on November 8, 1944.

Plaintiff included in its statement of gross yield a value per pound inclusive of the government bonus or subsidy. If the bonus or subsidy were excluded in determining the value of the gross yield there would have been no tax due. This court in February, 1945, held that the government bonus or subsidy was no part of the net proceeds of a mine. Klies v. Linnane, Mont., 156 Pac. (2d) 183.

Thereafter on April 15, 1945, plaintiff, proceeding under section 2222, as amended, filed its claims for refund with the county commissioners of Silver Bow County, asking for the refund of the entire tax paid for each year. The county commissioners disallowed the claims. On appeal to the District Court the board's ruling on each claim was reversed. This appeal followed. Section 2222, as amended by Chapter 201, Laws of 1939, so far as pertinent here provides: "Any taxes, percentum and costs, heretofore or hereafter, paid more than once or erroneously or illegally collected, may, by order of the board of county commissioners, be refunded by the county treasurer." Section 2 of Chapter 201 provides: "All acts and parts of acts in conflict herewith are hereby repealed, but none of the provisions of this act shall be deemed or construed to be in conflict with the provisions of Sections

2268 to 2272, inclusive, of this code, but this act and the provisions of such sections shall provide and afford concurrent remedies''

It is the contention of the county that plaintiffs should have proceeded under one or the other methods provided for in sections 2268 to 2272 and that the facts do not bring the case within section 2222, as amended.

Its contention is that the collection of the tax was legal and that it was the levy or assessment that was unlawful and because of the holding in First Nat. Bank of Plains v. Sanders County, 85 Mont. 450, 270 Pac. 247, and First Nat. Bank of Lima v. Beaverhead County, 88 Mont. 577, 294 Pac. 956, there can be no recovery. The conclusion contended for by the county must be sustained, though we reach that result for a different reason. It is our view that neither the levy, assessment nor the collection of the tax was wrongful or illegal. To constitute a wrongful or illegal levy, assessment or collection there must have been unwarranted or illegal action on the part of the taxing officials. There is none such here. The only assessment and levy that could have been made under the facts contained in the statement furnished by plaintiff was the assessment and levy which was made and the only proper tax to be collected from the statement furnished was that which was collected.

The only valid objection to the levy, assessment and collection of the tax arises from the fact that plaintiff furnished the statement and paid the tax based thereon under a mistake of law. ''In the absence of a statute giving a right of recovery for taxes paid under mistake of law, the fact that the tax was paid under a mistake of law with knowledge of the facts is not in itself a ground for allowing the maintenance of an action to recover it back.'' 51 Am. Jur. ''Taxation,'' section 1191, and see 61 C. J. 991 and note in 64 A. L. R. 33. That is the legal effect of the holding in First Nat. Bank of Plains v. Sanders County, supra. ''The voluntary payment of taxes in the belief that the law imposing them was valid, whereas it was

afterward declared unconstitutional, has been held to have been made under a mistake of law, there being, therefore, no ground for the recovery of the amount paid.'' 51 Am. Jur. ''Taxation,'' section 1193; note in 74 A. L. R. 1301, 48 A. L. R. 1382. There are cases taking the contrary view. Some of them taking the the contrary view would still deny recovery under facts such as we have here. Thus the case of Commercial Nat. Bank of Council Bluffs v. Board of Supervisors of Pattawattamie County, 168 Iowa 501, 150 N. W. 704, Ann. Cas. 1916C, 227, holds that taxes paid under an unconstitutional statute should be refunded.

The court pointed out however that where there was a mistake of law on the part of the taxpayer himself as distinguished from a mistake on the part of the officers of the law, there could be no recovery. The court quoted approvingly from the case of Dubuque & S. C. R. Co. v. Board of Supervisors of Webster County, 40 Iowa 16, as follows: ''This section does not contemplate an error of judgment as to the law respecting the title to the land, committed by the taxpayer. It was not intended to protect him against errors or mistakes of law committed by himself, but against errors and illegalities committed by the officers of the law to whom is entrusted the duties of assessing, levying and collecting taxes.''

The court also approved of the rule to the same effect in Kehe v. Blackhawk County, 125 Iowa 549, 101 N. W. 281. Here the mistake was that of the taxpayer only who furnished the statement of net proceeds without any intimation that the value of the gross yield included the bonus or subsidy. It was its own statement of the value of its property and it is bound by it, Dull v. Le Fevre, D. C., 222 F. 471; 61 C. J. 625, unless within the proper time proceedings are taken under section 2122.22, Revised Codes, to have the assessment changed or corrected which was not done here. A mistake in the valuation of property resulting in an excessive tax is no ground of recovery under a statute such as section 2222. Note 110 A. L. R. 670. There is as much reason for denying recovery when there has

been a voluntary payment on the mistaken notion that the law requires the payment as where the law imposing the tax is subsequently held unconstitutional.

Since the statute does not authorize the refund of taxes ▇ voluntarily paid through mistake of law on the part of the taxpayer, plaintiff's claim was properly disallowed by the county

The judgment is reversed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Cheadle concur.

Rehearing denied May 31, 1946.