THE DEPARTMENT OF REVENUE OF THE STATE OF MONTANA, PETITIONER AND APPELLANT, v. AMOS JARRETT, RESPONDENT AND RESPONDENT.

No. 84-551.
Submitted on Briefs March 14, 1985.
Decided May 23, 1985.
Rehearing Denied July 2, 1985.
700 P.2d 985.

Larry G. Schuster, Dept. of Revenue, Helena, for petitioner and appellant.
Amos Jarrett, pro se.

MR. JUSTICE MORRISON delivered the Opinion of the Court.

Amos Jarrett, respondent was denied a request for a tax refund by the Yellowstone County Commissioners. He appealed to the Yellowstone County Tax Appeal Board which found in his favor. The Department of Revenue appealed to the State Tax Appeal Board which determined that respondent was due a tax refund. The Department filed for judicial review and both parties moved for summary judgment. The District Court entered summary judgment in favor of the respondent. The Department appeals.

The respondent owns a lot in Yellowstone County. For the years 1978 through 1981 respondent received tax assessment notices stating that the annual assessment on the lot was $14,510. He paid the taxes each year without protest. In 1981, the Department of Revenue discovered the lot was not in a special improvement district as

had been originally believed and it did not have access to sewer facilities. The Department of Revenue reappraised the lot and reduced the assessment from $14,510 to $7,418.

In June of 1982, respondent contacted the Yellowstone County Commissioners, the Yellowstone County Assessor and the Yellowstone County Treasurer requesting a tax refund for the years 1978 through 1981. At the request of the Yellowstone County Commissioners, the Yellowstone County Assessor and the appraisers of the Department of Revenue investigated the matter and submitted a memorandum to the Commissioners. They expressed an opinion that the property had not been erroneously appraised in 1978, but that the value of the property had decreased between 1978 and 1982 because of a change in development pattern. The Yellowstone County Treasurer believed respondent was due a refund but the commissioners denied a refund, which, if granted, would have amounted to $512.35.

In 1983, respondent appealed to the Yellowstone County Tax Appeal Board. The Board found for respondent. The Department of Revenue then appealed to the State Tax Appeal Board. The State Board concluded that an erroneous assessment had been made in 1978 and was carried on the tax rolls from 1979 through 1981 and, therefore, under section 15-8-601, MCA, a correction could be made. The Board affirmed the Yellowstone County Tax Appeal Board's decision and ordered a tax refund for respondent.

The Department of Revenue filed for judicial review of the State Tax Appeal Board decision in the Yellowstone County District Court. Both parties moved for summary judgment. On October 15, 1984, the District Court entered summary judgment in favor of the respondent. From that adverse decision, the Department of Revenue appeals to this Court.

Appellant presents the following issue on appeal:

Does the State Tax Appeal Board have any authority to change the value of property for past tax years, pursuant to section 15-8-601, MCA, when a taxpayer has not filed any administrative appeals as to those tax years?

The dispositive issue before this Court is whether the taxpayer is entitled to a refund of taxes paid due to an erroneous assessment made on his land. Section 15-1-402, MCA, sets out the procedure by which a taxpayer may protest the payment of a tax he believes to be incorrect. It states in pertinent part:

"15-1-402. Payment of taxes under protest - action to recover.

"(1) The person upon whom a tax or license fee is being imposed may proceed under 15-1-406 or *may,* before the tax or license fee becomes delinquent, pay under written protest that portion of the tax or license fee protested. That payment must:

"(a) be made to the officer designated and authorized to collect it: and

"(b) specify the grounds of protest.

"(2) After having exhausted the administrative appeals available under Title 15, chapters 2 and 15, a person or his legal representative may bring an action in any court of competent jurisdiction against the officers to whom said tax or license fee was paid or against the county or municipality in whose behalf the same was collected and the department of revenue." (Emphasis added.)

■ This statute is permissive not mandatory. A taxpayer can only use this protest procedure if he is aware that his taxes may be incorrect at the time he pays them. A taxpayer who does not know he is being overtaxed will not pay his taxes under protest and can not receive a refund under section 15-1-402, MCA.

For the victim of an erroneous assessment, as in the case at hand, there must be another way to obtain a tax refund. The State Tax Appeal Board allowed respondent to obtain a tax refund under section 15-8-601, MCA. Section 15-8-601, MCA, states as follows:

"15-8-601. Assessment revision — conference for review. (1) Whenever the department of revenue discovers that any taxable property of any person has in any year escaped assessment, been erroneously assessed, or been omitted from taxation, the department may assess the same provided the property is under the ownership or control of the same person who owned or controlled it at the time it escaped assessment, was erroneously assessed, or was omitted from taxation. All such revised assessments must be made within 10 years after the end of the calendar year in which the original assessment was or should have been made."

In the recent case of *Eagle Communications, Inc. v. Flathead County* (Mont. 1984), [211 Mont. 195,] 685 P.2d 912, 41 St.Rep. 1303, this Court held that section 15-8-601, MCA, creates no power in the Department of Revenue to refund taxes unlawfully collected. In *Eagle,* the plaintiff, Eagle Communications Inc., paid their taxes under protest pursuant to section 15-1-402, MCA, and within 90 days filed a lawsuit alleging an erroneous assessment of their property. While its lawsuit was pending Eagle paid taxes under protest, however, it did not file an action for each payment. The Department

of Revenue determined that an erroneous assessment had been made, but the County Treasurer refused to refund taxes that had already been disbursed because no action had been commenced on them.

In an action to recover these taxes, Eagle maintained that the Department of Revenue had a duty under section 15-8-601, MCA, to provide a refund of taxes paid on an erroneous assessment. This Court denied the refund and stated as follows:

"Here, the Department has agreed to reassessment. It is the refund itself that is at issue. However, section 15-8-601, MCA creates no authority for the Department to refund erroneously collected taxes. It appears the refund function was granted to the Treasurer, as set forth in section 15-1-402, MCA, because the Treasurer collects and controls disbursements of tax funds. Section 15-8-601, MCA, in speaking only of assessment by the Department, is consistent with this division of duties between the Treasurer and Department.

"We hold that the Department of Revenue has no duty under section 15-8-601, MCA, to provide a refund of taxes paid on an erroneous assessment."

Clearly, section 15-8-601, MCA, makes no provision for a tax refund. Unlike *Eagle*, the recourse of section 15-1-402, MCA, is not available to this respondent. Respondent was not aware an erroneous assessment had been made on his land and could not have known to file his taxes under protest.

Section 15-16-601, MCA, provides the necessary relief for respondent. It states in pertinent part:

"15-16-601. Taxes or penalties illegally collected to be refunded. (1)(a) Any *taxes*, per centum, and costs *paid* more than once or *erroneously* or illegally collected or any amount of tax paid for which a taxpayer is entitled to a refund under 15-16-612 or any part or portion of taxes paid which were mistakenly computed on government bonus or subsidy received by the taxpayer may, by order of the board of county commissioners, be refunded by the county treasurer. Whenever any payment shall have been made to the state treasurer as provided in 15-1-504 and it shall afterwards appear to the satisfaction of the board of county commissioners that a portion of the money so paid should be refunded as herein provided, said board of county commissioners may refund such portion of said taxes, penalties, and costs so paid to the state treasurer, and upon the rendering of the report required by 15-1-505 the county clerk and recorder shall certify to the state auditor, in such form as the

state auditor may prescribe, all amounts so refunded, and in the next settlement of the county treasurer within the state, the state auditor shall give the county treasurer credit for the state's portion of the amounts so refunded." (Emphasis added.)

The following section, section 15-16-602, MCA, states:

"15-16-602. Concurrent remedies. Section 15-16-601 shall not be deemed or construed to be in conflict with the provisions of part 4 of chapter 1, but 15-16-601 and the provisions of such part 4 shall provide and afford concurrent remedies."

Clearly, section 15-16-601, MCA, was not meant to be used in lieu of the section 15-1-402, MCA, requirements of paying under protest, but when the recourse of section 15-1-402, MCA, is not available, a taxpayer can obtain a refund under section 15-16-601, MCA.

Section 15-16-601, MCA, provides that taxes paid erroneously may be refunded by the county treasurer, *"by order of the board of county commissioners."* The Yellowstone Board of County Commissioners denied respondent's request for a tax refund. However, respondent has followed the proper procedure for appealing that decision.

Respondent appealed to the County Tax Appeal Board. Section 15-15-101, MCA, provided for such appeals as follows:

"(2) The county tax appeal board must meet on the third Monday of April in each year to hear protests concerning assessments made by the department of revenue . . . .

"(3) In connection with any such appeal, the county tax appeal board may change any assessment or fix the assessment at some other level . . ."

The Yellowstone County Tax Appeal Board properly reviewed the respondent's case and determined respondent was due a refund. Pursuant to section 15-15-104, MCA, the Department of Revenue appealed that decision to the State Tax Appeal Board.

The State Tax Appeal Board is able to hear appeals and make its own determinations under section 15-2-301, MCA, which states, in part:

"(2) At the time of giving such notice, the state board may require the county board to certify to it the minutes of the proceedings resulting in such action and all testimony taken in connection therewith. The state board may in its discretion, determine the appeal on such record if all parties receive a copy of the transcript and are permitted to submit additional sworn statements, or the state board may hear further testimony . . . .

"(4) In connection with any appeal under this section, the state board shall not be bound by common law and statutory rules of evidence or rules of discovery and may affirm, reverse, or modify any decision. The decision of the state tax appeal board shall be final and binding upon all interested parties unless reversed or modified by judicial review."

 The State Tax Appeal Board agreed with the county board and ordered a refund. Judicial review of that decision has followed. In reviewing we are bound by the findings of fact made by the administrative tribunals absent a clear abuse of discretion. The state board found an erroneous appraisal resulted in a mistaken levy. This finding was contrary to the finding of the county commissioners. The evidence was in dispute and the finding could go either way. As was pointed out by this Court in the recent case of *Northwest Land & Devel. of Montana, Inc.* (Mont. 1983), [203 Mont. 313,] 661 P.2d 44, 40 St.Rep. 470, when we quoted the District Court.

"[i]t is within the Board's province as fact-finder to give certain evidence more weight than other evidence. The Board's choice of the lower amount was within its power and since there is evidence in the record to support such finding it must stand."

We find substantial credible evidence to support the findings of the State Tax Appeal Board.

It is the opinion of the Court that under section 15-16-601, MCA, respondent should receive a tax refund for the erroneous assessment made on his land in 1978 through 1981. We remand to the Yellowstone Board of County Commissioners with instructions to order the Yellowstone County Treasurer to issue a refund to respondent.

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, GULBRANDSON and HUNT concur.