JUSTICE McDONOUGH
delivered the Opinion of the Court.
The plaintiff taxpayer, Richard J. Lingscheit appeals the order of the Eighth Judicial District Court, Cascade County, granting summary judgment to the defendants, Cascade County and the Montana Department of Revenue and denying taxpayer’s request for a refund of allegedly overpaid property taxes. Taxpayer requested a refund pursuant to § 15-16-601, MCA. The sole issue on appeal is whether the District Court erred in granting summary judgment to the defendants. We affirm.
The taxpayer is the former owner of the Holiday Inn motel in Great Falls, Montana. The property was appraised by the Department of Revenue (DOR) at $2,496,924 during the taxpayer’s ownership. In 1986 and 1987, the Cascade County Commissioners levied taxes on the property based on that appraised value. Taxpayer paid the taxes based on that appraisal for those years without protest.
Taxpayer sold the real property on November 24, 1987. The new owner protested the appraised value for the 1988 taxable year and sought relief from the Cascade County Tax Appeal Board. A hearing took place on July 28, 1988.
At that hearing, the DOR’s appraiser testified that he had not followed the guidelines set forth under The Marshall-Swift Valuation Service Manual. The appraiser stated that the DOR’s administrative regulation, A.R.M. 42.19.101(2) requires use of the manual. The manual requires an appraiser to use his independent judgment when appraising property. The appraiser also testified that he did not appraise the property by that method; rather, he utilized the DOR’s *528 policy statement 83-1, which includes appraisal guidelines for franchises and provides a cost ranking of Holiday Inns.
In its order, the County Tax Appeal Board did not address whether an incorrect appraisal method was used, but merely stated that “[t]he Board feels this property should be given an additional 20% reduction for Functional Obsolescence.”
On September 29, 1988, following the issue of that order, the taxpayer plaintiff petitioned for a tax refund for the years 1986 and 1987. The County Commissioners took no action on the petition. On February 16, 1989, the taxpayer filed an action against the county and its treasurer. The DOR intervened as a party defendant.
On July 10, 1989, the DOR moved for summary judgment. The motion was briefed and argued on May 16,1990 and on May 23,1990 the District Court issued its order granting summary judgment in favor of the defendants. Taxpayer now appeals.
The statute at the center of the issue here is § 15-16-601, MCA, which provides in pertinent part:
“Any taxes, interest, penalties, or costs paid more than once or erroneously or illegally collected ... may, by order of the board of county commissioners, be refunded by the county treasurer.”
Section 15-16-601, MCA. Taxpayer asserts that the relief afforded by the statute is available to him. In his complaint he alleges that due to the inconsistency between the policy incorporated by the DOR in The Marshall-Swift Valuation Service Manual and the DOR’s internal policy statement 83-1, the taxes levied on his former property were either illegally or erroneously collected.
The taxpayer relies primarily on Christofferson v. Chouteau County (1937), 105 Mont. 577, 74 P.2d 427; and Department of Revenue v. Jarrett (1985), 216 Mont. 189, 700 P.2d 985, in support of his position. In Christofferson, the County erroneously required the plaintiff to purchase a tax sale certificate when purchasing a parcel of state land. Several months prior, the Commissioner of State Lands had directed the county treasurer to cancel any assessments as well as unpaid taxes against the land. The plaintiff requested a refund upon discovering that the land was state land, the certificate of purchase had been cancelled, and he could not have a tax deed. This Court reversed the denial of the refund, holding that the predecessor to § 15-16-601, MCA, was enacted to avoid the harsh voluntary payment common law rule in the case of illegal and erroneous tax collections. The former rule provided that taxes voluntarily paid could not be recovered. Christofferson, 74 P.2d at 431-32.
*529 In Jarrett, the DOR mistakenly appraised the taxpayer’s lot at $14,510.00 for 1978 through 1981 under the erroneous belief that the lot was included in a special improvement district which provided sewer facilities. The lot was not located within the district. DOR discovered the error in 1982 and reappraised the lot at $7,418.00. Taxpayer had paid the taxes for 1978 through 1981 without protest. After the lower appraisal, the taxpayer filed a claim for a refund of the overpaid taxes with the County Commissioners pursuant to § 15-16-601, MCA. The commissioners denied his claim and he appealed to the County Tax Appeal Board. The County Tax Appeal Board awarded the refund as did the State Tax Appeal Board. DOR sought judicial review, and the district court affirmed the refund on summary judgment. This Court affirmed the district court. In Jarrett, we noted that § 15-16-601, MCA, was only available to a taxpayer who has no recourse under § 15-1-402, MCA, which provides for payment of taxes under protest and an action to recover. Jarrett, 700 P.2d at 988, see also Montana Bank of Roundup, N. A. v. Musselshell County Board of Commissioners (Mont. 1991), [248 Mont. 199,] 810 P.2d 1192, 1195, 48 St.Rep. 392, 394. In this case, the taxpayer argues that at the time in 1986 and 1987 when he would have had to commence the remedy process under § 15-1-402, MCA, by filing an administrative appeal with the Cascade County Tax Appeal Board, he did not know of the existence of the alleged illegal or erroneous valuation. The property no longer belonged to him in 1988.
In this case, we first note that the use of the word “may” in the statute does not mandate that the county commissioners order a refund in all cases of an erroneously or illegally collected tax. The statute is permissive rather than mandatory. See § 15-16-601, MCA. Thus, once a legal determination is made that taxes were erroneously or illegally collected, it is still within the discretion of the Board of County Commissioners to decide if the situation warrants a refund to the taxpayer. Hence, we review the denial of the refund under the abuse of discretion standard.
We conclude that the Board did not abuse its discretion in denying the refund. While the case is similar to Jarrett and Christofferson, both Jarrett and Christofferson involved mistakes in appraisals that were clerical in nature. In both cases the assessments at issue should never have been made. In this case, the taxpayer does not allege that the assessment should never have been made; rather, he alleges an error in the methodology used by the appraiser and the *530 DOR. At the hearing on taxpayer’s successor’s refund, the DOR’s appraiser gave the following testimony:
“Q. So you didn’t use your own independent judgment in arriving at that cost ranking, is that correct?
“A. No, I did not.
“Q. And you have no alternative but to assign a 3 ranking to the property?
“A. It was my feeling that I was obligated to use their grade level, yes.”
The appraiser admitted that he used the DOR’s cost ranking policy rather than exercising his own independent judgment in appraising the property. However, his testimony does indicate that he did use his independent judgment in deciding that he was obligated to follow the DOR’s cost ranking. Thus, the alleged error here is not clerical, it involves the exercise of the appraiser’s judgment in determining what method he should use. Furthermore, in its order reducing the taxes of the taxpayer’s successor in interest, the board did not find that an incorrect appraisal method was used, but merely stated that “the Board feels this property should be given an additional 20% reduction for Functional Obsolescence.” Thus, unlike Jarrett and Christofferson, it is not certain that the taxes levied against the property during this taxpayer’s ownership were in fact excessive.
The case of North Butte Mining Co. v. Silver Bow County (1946), 118 Mont. 618, 169 P.2d 339, supports our decision in this case. There, the taxpayer sought refunds of net proceeds paid to the County in 1942 and 1943. The value of the net proceeds reported in 1942 and 1943 had included a “government bonus or subsidy” which in 1945 this Court held was not part of the net proceeds of a mine. The County denied the refunds and this Court upheld the refusal stating that “[a] mistake in the valuation of property resulting in an excessive tax is no ground of recovery under a statute such as section 2222 [the predecessor of § 15-16-601, MCA].” North Butte Mining Co., 169 P.2d at 341. This Court further stated:
“It is our view that neither the levy, assessment nor the collection of the tax was wrongful or illegal. To constitute a wrongful or illegal levy, assessment or collection there must have been unwarranted or illegal action on the part of the taxing officials. There is none such here. The only assessment and levy that could have been made under the facts contained in the statement furnished by the plaintiff was the assessment and levy which was made and the only proper tax to *531 be collected from the statement furnished was that which was collected.”
North Butte Mining Co., 169 P.2d at 340. Here the taxpayer’s allegations pertain strictly to the method used in appraising the property, there is no evidence that if the appraiser had followed the manual that a lower valuation would definitely have been reached. It is possible that use of his independent judgment may have resulted in a higher appraisal. The taxpayer each year was provided notice that he had available the administrative appeal procedures provided by §§ 15-1-402,15-7-102, and 15-15-102, MCA, if he felt the valuation for any reason was not the fair market value. He failed to use these remedies. In fight of this and the discretion conferred by the statute to the County Commissioners, we conclude that the commissioners did not abuse their discretion in denying the refund. This being strictly a legal question, the District Court did not err in granting summary judgment to the DOR and the County. Rule 56(c), M.R.Civ.P. The order of the District Court is
AFFIRMED.
CHIEF JUSTICE TURNAGE and JUSTICES GRAY, HUNT, and WEBER concur.