JUSTICE HARRISON,
dissenting:
I dissent. I would find that this case is controlled by our holding in Department of Revenue v. Jarrett (1985), 216 Mont. 189, 700 P.2d 985, where this Court interpreted § 15-16-601, MCA, in favor of the taxpayer. In Jarrett, the taxpayer alleged that a portion of his taxes were erroneously collected from him. Under § 15-16-601, MCA, that taxpayer in Jarrett was entitled to recover that portion of the tax based on the erroneous assessment which he voluntarily paid in prior years. Jarrett, 700 P.2d at 989.
I would hold that under this Court’s holding in Jarrett, and the interpretation of § 15-16-601, MCA, the taxpayer in the instant case is entitled to the recourse provided under that code section. Here the taxpayer did not own the subject property at the time he learned that the erroneous or illegal taxes had been collected or at the time he made claim for the recovery of those taxes. Nor do I find it significant to the decision that the taxpayer’s successor in interest and not the taxpayer made the appeal to the county board through which the erroneous or illegal tax collection was discovered. I would further note *532 that in this decision the taxpayer has met the requirements in § 15-16-601, MCA, for illegal or erroneously collected taxes.
In an early case, Christofferson v. Chouteau County (1937), 105 Mont. 577, 74 P.2d 427, the Court recognized that the remedy created in § 15-16-601, MCA, is an exception to the common law “voluntary payment rule.” That rule does not and should not bar the taxpayer from a remedy in this case. As I view this section, it provides a taxpayer a remedy for illegally or erroneously collected taxes even though he or she voluntarily paid those taxes when they became due and believed at the time that the taxes were being lawfully and correctly collected.
I would reverse the District Court’s grant of summary judgment and allow the taxpayer to present his case to the trier of fact for a decision on the merits.